# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF VIRGINIA

## Richmond Division

| | |
|---|---|
| JEROME SKOCHIN, SUSAN SKOCHIN and LARRY HUBER, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>  vs.<br><br>GENWORTH LIFE INSURANCE COMPANY and GENWORTH LIFE INSURANCE COMPANY OF NEW YORK,<br><br>                Defendants. | Civil Action No. 3:19-cv-00049-REP<br><br><u>CLASS ACTION</u> |

**ORDER GRANTING AMENDMENT TO PRELIMINARY APPROVAL ORDER OF SETTLEMENT AND DIRECTING NOTICE TO CLASS**

This matter comes before the Court on the Joint Motion of the Parties for Leave to Amend the Joint Stipulation of Class Action Settlement and Release and to Amend The Order Preliminarily Approving Settlement and Directing Notice to the Settlement Class ("Motion to Amend"). ECF No. 102.

On December 20, 2019, Plaintiffs filed their Motion to Direct Notice of Proposed Settlement to the Class ("Motion to Direct Notice"), after the Parties had entered into the Settlement Agreement and pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, submitted to the Court the Settlement Agreement and Appendices thereto and declarations of Plaintiffs' counsel, the proposed Settlement Administrator, and the mediator .

On January 15, 2020, the Court held the hearing on the Motion to Direct Notice and entered an Order Granting Preliminary Approval of Settlement and Directing Notice to the Class (the "January 15, 2020 Order"). ECF No. 98.

On March 25, 2020, the Parties executed an Amendment to the Joint Stipulation of Settlement and Release (the "Amendment") and, on March 26, 2020, filed the Motion to Amend.

The Court has reviewed the Amendment, the Motion to Amend and accompanying memoranda and exhibits thereto.

THE COURT HEREBY GRANTS THE MOTION TO AMEND AND AMENDS ITS JANUARY 15, 2020 ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT AS SET FORTH BELOW:

First, the Court approves the amendment to Special Election Options I.A.1 and III.A.1 of the Settlement as modified by the underlined language below:

> A settlement option consisting of two components: (a) a paid-up benefit option equivalent to 100% of the Settlement Class member's paid-in premiums through December 31, 2015 <u>plus the Settlement Class member's paid-in premiums</u>

1

<u>paid on or after January 1, 2020</u> less any claims paid over the lifetime of the policy, and (b) a damages payment equal to premiums paid during the time period beginning January 1, 2016 through December 31, 2019.

Second, the Court approves the amendment to the definition of Settlement Class as described in Paragraph 10 of the January 15, 2020 Order and in Paragraph 39 of the Settlement Agreement. The Settlement Class that has been preliminary certified, for settlement purposes only, is amended as indicated by the underlined language below :

> [a]ll Policyholders[1] of Class Policies,[2] excluding: (1) those Policyholders of Class Policies whose policies went into Non-Forfeiture Status[3] prior to January 1, 2014; (2) those Policyholders of Class Policies that entered a Fully Paid-Up Status[4] at any time up to the date the Class Notice is mailed; (3) <u>any Policyholder whose Class Policy is lapsed[5] and is outside any period Genworth allows for the Class Policy to</u>

---

[1] "Policyholder(s)" means the policy owner, except:
  a. where a single policy insures both a policy owner and another insured person, "Policyholder(s)" means both the policy owner and the other insured person jointly;
  b. where the Class Policy at issue is certificate 7035CRT, "Policyholder(s)" means the certificate holder.

[2] "Class Policies" means Genworth long-term care insurance policies, or, for group policies, certificate forms identified in Appendix A to the Settlement Agreement in force at any time during the Class Period and issued in any of the fifty (50) states of the United States or the District of Columbia (the "States").

[3] Non-Forfeiture status means the exercise of a "Non-Forfeiture Option." Non-Forfeiture Options include benefits under an optional Non-forfeiture Benefit Rider, the Limited Benefits Upon Lapse Due to a Substantial Premium Increase (also called a Contingent Non-forfeiture Benefit), and the Optional Limited Benefit Endorsement.

[4] "Fully Paid-Up Status" means a status whereby a policy is continued in full force and effect and no more premiums are due. A policy in Fully Paid-Up Status does not include a policy that is in a Non-Forfeiture Status.

[5] <u>"Lapse" or "lapsed" means a status whereby a policy is no longer in force because premium was not paid as required. A lapsed policy terminates and cannot be reinstated if it is outside any period Genworth allows for the policy to be automatically reinstated with payment of past due premium. For purposes of this Agreement, a policy that goes on Non-Forfeiture Status is not a lapsed policy.</u>

<u>be automatically reinstated with payment of past due premium, or whose Class Policy has otherwise terminated[6], as of the date of the Class Notice; or any Policyholder whose Class Policy is lapsed and is outside any period Genworth allows for the Class Policy to be automatically reinstated with payment of past due premium or has otherwise terminated, as of the date the Special Election Letter would otherwise be mailed to the Policyholder;</u> (4) Genworth's current officers, directors, and employees as of the date Class Notice is mailed; and (5) Judge Robert E. Payne and his immediate family and staff.

The Court also approves the amendment to Paragraph 43 of the Settlement Agreement with the addition of a new sub-paragraph (f) as follows:

> 43. <u>Consideration to Settlement Class</u>
>
> [. . .]
>
> (f) A Settlement Class member can only elect available Special Election Options while the Settlement Class member's Class Policy is in force; if before electing a Special Election Option a Settlement Class member's Class Policy lapses and is outside any period Genworth allows for the Class Policy to be automatically reinstated with payment of past due premiums, or the Class Policy otherwise terminates, then Special Election Options will not be available to that Settlement Class member; if a Settlement Class member's Class Policy lapses but is still in the period where Genworth allows for the Class Policy to be automatically reinstated by paying any past-due premium, then the past due premium must be paid before the Settlement Class member can elect a Special Elections Option.

---

[6] <u>"Terminated" means a status whereby a policy is no longer in force and is unable to be automatically reinstated by the policyholder with payment of past due premium. It includes, for example, a policy that has lapsed beyond the period permitted for automatic reinstatement; a policy that has been cancelled, or a policy (including a policy in Non-Forfeiture status) that is no longer in force because all available benefits have been exhausted.</u>

3

Third, the Court approves the amendment to Paragraph 44 of the Settlement Agreement with the addition of a new sub-paragraph (e) as follows:

> 44. <u>Mailing of the Special Election Letter(s)</u>
>
> [. . .]
>
> (e)    Genworth shall have the right to mail an additional letter to Settlement Class members approximately forty-five (45) days after the mailing of the Special Election Letter for the purpose of reminding Settlement Class members that they may respond to their Special Election Letters.

Fourth, the Court approves the amendment to Paragraph 46(d) of the Settlement Agreement with a replacement sub-paragraph as follows:

> 46. <u>State Regulatory Review and Conflict Carve-Out:</u>
>
> [. . .]
>
> (d)    Only in the event that a State Regulator objects to or prevents Genworth from providing the substance of the Disclosures contained in Appendix B in any form and objects to or refuses to allow Genworth to offer any form of the Special Election Options, then Genworth, in consultation with Class Counsel, will follow such direction from the State Regulator, not send the Special Election Letter, and instead offer the impacted Settlement Class members an election to obtain:
>
> (i)    For Settlement Class members whose policies are still premium paying status, a $100 credit against future Class Policy premiums; or
>
> (ii)   For Settlement Class members whose Class Policies are in Non-Forfeiture Status only, a $100 one-time addition to the Settlement Class members' Non-Forfeiture Option benefit pool.

Fifth, the Court approves the amended Appendices C (the Special Election Options), D (the template Special Election Letter), and E (the Long-Form Class Notice) of the Settlement

4

Agreement as described in the Parties' Amendment, submitted with the Motion to Amend and attached to this Order as Exhibits A, B, and C.

**IT IS SO ORDERED.**

Dated: March 31, 2020

/s/ REP
ROBERT E. PAYNE
UNITED STATES DISTRICT JUDGE

5