IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JEROME SKOCHIN, SUSAN SKOCHIN, and LARRY HUBER, individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>GENWORTH LIFE INSURANCE COMPANY and GENWORTH LIFE INSURANCE COMPANY OF NEW YORK,<br><br>*Defendants*. | )<br>)<br>)   Civil Action No.: 3:19-CV-49-REP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## BRIEF IN SUPPORT OF MOTION TO INTERVENE TO SEEK TEMPORARY STAY OF PROCEEDINGS

The Indiana Department of Insurance (the "Department") respectfully moves to intervene in this case. The Department seeks to intervene for the purpose of seeking a temporary stay of the proceedings due to the national emergency caused by the COVID-19 virus. A temporary stay is necessary so that class members, including thousands of policyholders in Indiana, will have a fair opportunity to fully review, understand, and consider the proposed class settlement in this case ("Settlement"), and have an adequate opportunity to seek and obtain financial and legal advice when determining whether to opt out of the Settlement and/or whether to object to the Settlement.

Recently, the plaintiff class representatives and the defendants filed a motion to amend the Settlement. In doing so, they represented that notice of the Settlement would be sent to class members on or about April 14, 2020. The mailing of the notices to the class will impose a series of important deadlines on the class members, including the deadline to opt out of the class and the deadline to object to the class, both of which will be June 13, 2020.

In light of the national emergency due to the COVID-19 virus, including nationwide stay-at-home orders, class members who are sent the notices will be severely and significantly limited in their ability to respond to the complex settlement options that will be available to them if the Settlement is approved. They may be in the hospital or otherwise not in a position to even receive mailings. Importantly, under the current circumstances, class members will be hindered in their ability to seek and receive timely, necessary financial and legal advice when evaluating the merits of the settlement and their options for responding. As a result, they will be unfairly limited in assessing whether to opt out or object to the proposed settlement.

The Department serves as the regulator of insurance companies operating in Indiana, including defendant Genworth Life Insurance Company ("GLIC"), and has an interest in protecting policyholders of GLIC in Indiana and making sure they are treated fairly. Because of the national COVID-19 emergency, the Department believes that the proceedings in this case relative to the Settlement should be temporarily stayed until after the national emergency subsides. Doing so will protect the GLIC policyholders in Indiana, and across the nation, and make sure they are treated fairly. It will help them to have the opportunity to receive any mailings, seek necessary help, and understand the proposed terms of settlement, and take informed action prior to any court-imposed deadlines.

**I.     ARGUMENT**

    **A.     The Department may intervene in this case as of right.**

Under Federal Rule of Civil Procedure 24(a)(2) in order to intervene as a matter of right, a party must (1) have a substantial interest in the case, which (2) has a risk of impairment in the absence of intervention, and there must be (3) a lack adequate representation of that interest by the parties already before the court. *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991).

1. **The Department has a substantial interest.**

Based on recent filings by counsel for defendants and plaintiff class representatives, the Department learned that not only are the parties amending the terms of their Settlement, but are proceeding with the formal notice of the proposed settlement on April 14, 2020, which will cause deadlines for action to be imposed on the class members. Going forward with notice during the national COVID-19 emergency will hinder the ability of class members to fully review, understand, and consider the proposed complex Settlement terms, and limit class members' ability to make timely, informed decisions with respect to the Settlement.

The Department, acting through the Indiana Insurance Commissioner (the "Commissioner"), has broad powers to protect Indiana consumers and to make sure they are treated fairly. By statute, Ind. Code §§ 27-4-1-1 through 27-4-1-19, the Commissioner has broad powers to protect consumers from unfair competition, deceptive acts, and unfair claims settlement practices. The Commissioner has the power to take action to protect consumers from any action the Commissioner deems to be unfair. *See* Ind. Code § 27-4-1-8. The Department is also charged with regulating long term care insurance rates and forms, such as those that constitute the subject matter of this case, under Indiana Code § 27-8-5-1 et seq. The Department therefore has a direct statutory interest in protecting policyholders with respect to the subject matter of this case. The power of a state to protect its residents is recognized as a sufficient interest to support the right to intervene and to protect the "interests entrusted to its charge." *Allied Title Lending, LLC v. Taylor*, 420 F. Supp. 3d 436, 457 (E.D. Va. 2019).

The Department has an interest in seeing that the policyholders in Indiana receive fair notice of the Settlement and have fair deadlines imposed on them to make decisions to opt out, object or accept the Settlement. A fair notice and fair deadlines will occur only when the

policyholders have time to properly consider the impact that the proposed settlement will have on them, and time and an opportunity to confer with financial and legal advisors so they can make a reasoned, informed decision over what action is best for each of them. That simply cannot happen under the current national emergency. Notices and deadlines should not occur until after the COVID-19 emergency has subsided.

The national COVID-19 emergency, which will hinder the class members from having adequate time and opportunity to assess the merits of the proposed settlement and to determine whether to opt out, object or agree to the settlement, is a very recent development. The full extent and duration of the emergency is still not clear.

The Department did not have a reason to intervene to seek a temporary stay of these proceedings until recently. Earlier intervention would have served no purpose, and was not yet necessary. Intervention is now necessary. Intervention serves an important purpose of protecting the interest of making sure Indiana policyholders are treated fairly.

The parties to this action are not looking out for the interests of Indiana policyholders. Instead, they are seeking to impose deadlines on the class members during a time of national emergency, at a time when the class members are vulnerable, and when they will be prejudiced and limited in their ability to seek financial and legal advice in order to assess the appropriate action they each need to take in response to the class settlement notice.

Because the Department regulates insurance companies operating in Indiana, including GLIC, and oversees the relationship between insurers and policyholders in Indiana, the Department clearly has a sufficient interest to intervene. The Class Action Fairness Act, 28 U.S.C. § 1715 required the litigants to give notice of the proposed class action settlement to each of the states, including Indiana through the Department. This supports the conclusion that the

4

Department has an interest in protecting Indiana policyholders who are members of the settlement class, and that Department should be allowed to intervene for the purposes of seeking a stay of these proceedings to facilitate that interest and to protect Indiana policyholders. Moreover, the Settlement Agreement in this matter, at paragraph 46, recognizes that state departments of insurance may review and object to certain Settlement terms in whole or in part. This acknowledged role of the Department in protecting policyholders should alone be sufficient basis for the Department to intervene now, to protect policyholders from unworkable deadlines during a national emergency. However, even if *arguendo* it were not clear, courts typically find in favor of recognizing an interest when considering a motion under Rule 24(a) in a close case. *See Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 and 47 (6th Cir. 1997). This is not a close case, and there should be no barrier to intervention by the Department.

## 2. The Department's interest will be impaired in the absence of intervention.

If it is not allowed to intervene, the Department's interest in protecting policyholders will be impaired, and policyholders will be harmed by the imposition of unfair deadlines to opt out or object to the proposed settlement during an unprecedented national emergency. If not for the Department intervening and raising these issues, and seeking a temporary stay of the proceedings until after the national emergency subsides, these interests will not be raised and will go unprotected. Policyholders will be treated unfairly and be prejudiced. They will be limited in their ability to understand the proposed terms of a complex settlement. They will be hindered in their ability to obtain financial and legal advice in connection with complying with deadlines to opt out of the proposed settlement or object to the proposed settlement. In order to show that a legal interest will be impaired if intervention is denied, a party seeking to intervene need only show that

the impairment of its interest is possible if intervention is denied. *Miller*, 103 F.3d at 1247. In this case, however, there can be no question that the Department has an interest that will risk being impaired if it is not allowed to intervene and seek a temporary stay of the proceedings until after the national emergency subsides.

### 3. The Department's interest is not adequately protected by the parties.

The interests advanced by the Department are not adequately represented and protected in these proceedings. The parties have ignored the impact of the unprecedented COVID-19 national emergency on the unnamed class members. The national emergency has resulted in nearly every state ordering their residents to shelter in place. Most businesses are temporarily closed. Communications with financial and legal advisors are limited and strained. The defendants and the plaintiff class representatives have decided to push forward with the deadlines and dates in this case. This will unfairly impose on the class members deadlines for actions which will have significant impact on their personal finances and legal rights. No party has sought to stay the proceedings in this case in light of the national emergency. As a result, the Department must intervene in order to protect the policyholders' financial and legal interests that are in peril. In the absence of intervention by the Department, no party is helping the class members avoid being burdened with deadlines and requirements to take action during a time when they are least able to obtain necessary financial and legal advice and are distracted with layoffs, economic hardships, threats to their personal health, and uncertainty over their future and wellbeing.

It appears that parties are serving their selfish interests, and seeking to limit the number of class members who can opt out or object to the settlement. The policies which are the subject of this lawsuit are policies for long term care. Forcing the class members to have deadlines to make important decisions about their long-term care policies during this time when it is a threat to one's

health to venture outside of the home and meet with others, including financial and legal advisors, establishes *prima facie* that the parties have no desire to protect the interests of the class members.

  **B.**  **The Court should permit the Department to intervene.**

Even if *arguendo* the Department did not have the right to intervene in this case, the Court should exercise its discretion and permit the Department to intervene under Federal Rule of Civil Procedure 24(b). Permissive intervention is allowed when a motion to intervene is (1) timely and (2) the party seeking to intervene seeks to raise an issue of law or of fact in the proceeding. Rule 24(b)(1)(B).

    1.  **The motion to intervene is timely.**

"The threshold requirement for any permissive intervention motion is whether the motion is 'timely.'" *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, 323 F.R.D. 553, 556 (E.D. Va. 2018). Whether the motion is timely is a decision that falls within the discretion of the trial court. *Alt v. United States EPA*, 758 F.3d 588, 591 (4th Cir. 2014). When considering the issue of timeliness a trial court considers (1) the status of the litigation; (2) why the moving party did not file a motion to intervene sooner; and (3) the prejudice to the other parties. *Id.*

The Department's motion to intervene is timely. The status of the case is that there is a proposed Settlement that has been tentatively approved, but no notice to the class members has been issued. There have been no deadlines that have passed relating to the class members' decision to opt out, object or agree to the settlement. The final hearing on the Settlement is not scheduled to occur until July 10, 2020. The national COVID-19 emergency, which is the primary basis for the Department's motion to intervene, has arisen only recently. The full extent of the emergency, and its impact and ultimate duration are still unknown.

There was no need for the Department to intervene and seek a temporary stay in this case until it became clear that the plaintiff class representatives were not taking action to protect the

7

class members and ensure that they are treated fairly. "In a class action the critical, issue with respect to timeliness is whether the proposed intervenor moved to intervene 'as soon as it became clear . . . that the interests of the unnamed class members would no longer be protected by the class representatives.'" *Hill v. Western Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982) (quoting *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)).

Here, there can be no question that the motion is timely. Recently, the plaintiff class representatives filed a joint motion with the defendants in which they represented that they would be pushing forward with the mailing of the class notices on April 14, 2020, and therefore, would be imposing hard deadlines on the unnamed class members in the middle of an unprecedented national emergency. If the plaintiff class representatives were interested in protecting the class members, they would have moved to stay the mailing of the notices to the class so as to not impose unfair deadlines on the class during these difficult and trying times.

Another important consideration with respect to timeliness of a motion to intervene is the degree to which granting the motion to intervene will prejudice the existing parties. *Hill*, 672 F.2d at 386. Here, there will be no prejudice. The notices have not been mailed, and a temporary stay of proceeding until after the ongoing national emergency subsides would not prejudice any party. The Department seeks only to have a temporary stay entered in this case until the national emergency passes. "[D]elay alone does not mean that intervention should be denied." *Allied Title Lending, LLC v. Taylor*, 420 F. Supp. 3d 436, 455 (E.D. Va. 2019) (internal quotation marks and citation omitted). Here, a delay is necessary to protect the unnamed class members.

### 2. Fair treatment of the class members is already an issue in this case.

The Department seeks to intervene and raise an issue of fairness to the unnamed class members. It cannot be fair to the class members to be saddled with onerous deadlines during a

8

time of national emergency. Fairness to the class members is thus already a paramount issue in this proceeding. Proceeding with a proposed class action settlement notice, and thereby imposing hard deadlines on a class of policyholders who will likely need assistance in assessing the merits of the proposed settlement and determining what action they must take in order to protect their financial and legal interests, cannot be regarded as fair under present circumstances.

In the absence of an intervention, it is likely that class members will be unable to fully assess and evaluate the merits of the Settlement, and are more likely to miss the deadlines for opting out and objecting to the Settlement. The Court should allow Department to intervene and seek a temporary stay of these proceedings, in order for the class members to have an adequate opportunity to assess for themselves the merits of the Settlement and the impact the Settlement will have on their individual circumstances, and decide whether their interests would be better protected by opting out of the Settlement, or objecting to the Settlement.

> **C.** **If the Court does not grant the Department's motion to intervene, it should *sua sponte* stay the proceedings to protect the unnamed class members.**

In the event the court were to deny the Department's motion to intervene, then the Court should temporarily stay the proceedings in this case *sua sponte* to protect the unnamed class members. A stay of proceedings is the only fair action to take in light of the national COVID-19 emergency. Class members should not be burdened with the obligation of deciphering and evaluating the merits of a complex proposed settlement, which involves, among other things, an array of potential alternative settlement relief, at a time when the class members will be burdened and distracted, or may be in the hospital. Allowing the parties to push forward with the class notice and thereby impose on class members deadlines to opt out or object at this time would only serve to hinder the ability of class members to make informed and reasoned decisions. These proceedings should not go forward when class members will be unable to make proper, fully informed

decisions. If the proceedings are stayed until after the national emergency subsides, class notices can easily be sent out and class members can then make their decisions to opt out or object to the proposed settlement when they will have full access to and an opportunity for assistance from their trusted financial and legal advisors. A temporary delay in these proceedings to ensure unnamed class members are treated fairly will not prejudice anyone.

## II.     CONCLUSION

For the reasons discussed above, the Court should grant the Department's motion to intervene and allow the Department to file its motion to stay proceedings in this case until the national emergency due to the COVID-19 virus subsides. Alternatively, the Court should stay the proceedings in this matter *sua sponte*.

                              Respectfully submitted,

                              /s/ Roscoe C. Howard, Jr.
                              Roscoe C. Howard, Jr.
                              (Virginia Bar No. 17447)
                              BARNES & THORNBURG LLP
                              1717 Pennsylvania Ave NW, Suite 500
                              Washington, D.C. 20006
                              Telephone: (202) 371-1313
                              Facsimile: (202) 289-1330
                              E-mail: Roscoe.Howard@btlaw.com

                              *Attorney for the Indiana Department of Insurance*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Virginia using the CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by operation of the Court's CM/ECF system.

/s/ Roscoe C. Howard, Jr.