IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JEROME SKOCHIN, SUSAN SKOCHIN, and LARRY HUBER, individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>GENWORTH LIFE INSURANCE COMPANY and GENWORTH LIFE INSURANCE COMPANY OF NEW YORK,<br><br>*Defendants*. | Civil Action No.: 3:19-CV-49-REP |

## BRIEF IN SUPPORT OF MOTION FOR TEMPORARY STAY OF PROCEEDINGS

The Indiana Department of Insurance (the "Department") respectfully moves for a temporary stay of proceedings in this case. The Department seeks a temporary stay of the proceedings due to the national emergency caused by the COVID-19 virus. A temporary stay is necessary so that class members, including thousands of policyholders in Indiana, will have a fair opportunity to fully review, understand, and consider the proposed class settlement in this case ("Settlement"), and have an adequate opportunity to seek and obtain financial and legal advice when determining whether to opt out of the Settlement and/or whether to object to the Settlement.

The Settlement creates a number of complex issues that must be addressed by the policyholders prior to the opt-out deadline, during a period of crisis in this nation. Policyholders are currently as poorly situated as possible to address these issues, due to the stifling pandemic faced by all. Before the COVID-19 emergency, the class settlement was tentatively approved by this Court and a hearing on the final approval was scheduled to take place on July 10, 2020. The Court approved a notice of the proposed class settlement to be sent to the nationwide class of

policyholders, including the thousands of policyholders in Indiana. That notice sets certain deadlines for class members to take important action.

For example, if the class notice is mailed out on April 14, 2020 as planned, the deadline for policyholders to evaluate their options and decide whether to opt out of the settlement will be on June 13, 2020. That date is also the deadline for policyholders to file any objections to the settlement.

In recent filings, lawyers for Genworth Life Insurance Company ("GLIC") and the lawyers for the plaintiff class representatives confirmed that they are going forward with the class notices under the current deadlines, and that they still anticipate the notices going out on April 14, 2020, even in light of a national emergency affecting the ability of policyholders to respond.

In light of the COVID-19 emergency, the Department is deeply concerned that the notices and deadlines would be inadvertently disregarded without action being taken, due to policyholders everywhere being distracted from such matters while they deal with the national emergency. In order to make informed decisions on whether to affirmatively opt-out of the Settlement class, whether and how to object to the class Settlement, and whether the proposed settlement options are of sufficient value, policyholders will need to have access to financial and legal advisors. Accessing such assistance and obtaining such advice during the emergency will be extremely difficult.

Furthermore, in order to take any action, a class member may need to access their policy. The Department believes that many policyholders may have their policies in remote locations, such as bank deposit boxes, or other secure locations that may not be as readily accessible until after the COVID-19 emergency is over. Many policyholders may be in the hospital, fighting for their lives.

Many persons are also not taking in or not opening their mail, not sending mail, not visiting the bank where their documents may be held in a safety deposit box, and not otherwise acting in the normal course in their affairs, due to a potentially deadly pandemic. If they do nothing, they will be part of the Settlement class and will be left to take only the Settlement benefits without any chance to object or opt out, and may grant a release unwittingly.

Plaintiffs' counsel and GLIC are pushing forward with the dates and deadlines that were established prior to the COVID-19 emergency. Under the circumstances, the Department believes that all proceedings in this matter should be stayed until after the COVID-19 emergency subsides. At that point, the Court can reset deadlines that would provide a process for policyholders across America, to consider whether the Settlement is fair and whether they wish to participate in it or opt-out.

The Department is not seeking a specific period of stay, because the duration of the crippling national emergency is not known. Rather, the Department requests that the Court issue a stay of proceedings until the emergency has subsided sufficiently in the Court's view to achieve fairness in setting deadlines for responses by policyholders.

I.   **ARGUMENT**

   A.   **These Proceedings should be stayed to ensure fairness**

Policyholders have the right to fair treatment in this case, under Federal Rule of Civil Procedure 23, which fairness includes the ability to seek and receive timely, necessary financial and legal advice when evaluating the merits of the Settlement and their options for responding, with access to all necessary documents.

The Department serves as the regulator of insurance companies operating in Indiana, including GLIC, and has an interest in protecting policyholders of GLIC in Indiana and making sure they are treated fairly. Because of the national COVID-19 emergency, the Department

believes that the only avenue of fair treatment in these proceedings relative to the Settlement is a temporary stay, until after the national COVID-19 emergency subsides. Such a stay will protect the GLIC policyholders in Indiana, and across the nation, and help ensure that they are treated fairly. It will help them to have the opportunity to receive any mailings, seek necessary help, and understand the proposed terms of settlement, and take informed action prior to any court-imposed deadlines.

The Department, acting through the Indiana Insurance Commissioner (the "Commissioner"), has broad powers to protect Indiana consumers and to make sure they are treated fairly. By statute, Ind. Code §§ 27-4-1-1 through 27-4-1-19, the Commissioner has broad powers to protect consumers from unfair competition, deceptive acts, and unfair claims settlement practices. The Commissioner has the power to take action to protect consumers from any action the Commissioner deems to be unfair. *See* Ind. Code § 27-4-1-8. The Department is also charged with regulating long term care insurance rates and forms, such as those that constitute the subject matter of this case, under Indiana Code § 27-8-5-1 et seq. The Department therefore has a direct statutory interest in protecting policyholders with respect to this matter. The Department seeks a temporary stay in this case as part of its statutory charge to protect policyholders.

The Department's interest includes ensuring that the policyholders in Indiana receive fair notice of the Settlement and have fair deadlines imposed on them to make decisions to opt out, object or accept the Settlement. A fair notice and fair deadlines will occur only when the policyholders have time to properly consider the impact that the proposed settlement will have on them, and time and an opportunity to confer with financial and legal advisors so they can make a reasoned, informed decision over what action is best for each of them. That simply cannot happen

under the current national emergency. Notices and deadlines should not occur until after the COVID-19 emergency has subsided.

The Department, as regulator of insurance companies operating in Indiana, including GLIC, oversees the relationship between insurers and policyholders in Indiana. Sufficient opportunity for policyholders to evaluate and respond properly to the Settlement is a key part of this relationship, in this instance between GLIC and policyholders. A temporary stay of proceedings is necessary to maintain the fairness of this relationship for GLIC's policyholders.

The Class Action Fairness Act, 28 U.S.C. § 1715 required the litigants to give notice of the proposed class action settlement to each of the states, including Indiana through the Department. This supports the conclusion that Department has an interest in protecting Indiana policyholders who are members of the settlement class, and that Department has an interest in seeking this temporary stay.

Moreover, the Settlement Agreement in this matter, at paragraph 46, recognizes that state departments of insurance may review and object to certain Settlement terms in whole or in part. This acknowledged role of the Department in protecting policyholders supports the Department's posture in seeking this stay now, to protect policyholders from unworkable deadlines during a national emergency.

If no stay were to be granted in this proceeding, GLIC's policyholders will be harmed by the imposition of unfair deadlines to opt out or object to the proposed Settlement during an unprecedented national emergency. They will be limited in their ability to understand the proposed terms of a complex settlement. They will be hindered in their ability to obtain financial and legal advice in connection with complying with deadlines to opt out of the proposed settlement or object to the proposed settlement.

The parties should have addressed this self-evident issue themselves to protect GLIC's policyholders, but have instead ignored the impact of the unprecedented COVID-19 national emergency on the unnamed class members. The national emergency has resulted in nearly every state ordering their residents to shelter in place. Most businesses are temporarily closed. Communications with financial and legal advisors are limited and strained. Given the size of the policyholder class, there are no doubt policyholders who are hospitalized and others who may be required to be in a quarantine environment for an unknown period of time. The defendants and the plaintiff class representatives have decided to push forward with the deadlines and dates in this case. This will unfairly impose on the class members deadlines for actions which will have significant impact on their personal finances and legal rights. No party has sought to stay the proceedings in this case in light of the national emergency. As a result, the Department seeks this temporary stay in order to protect the policyholders' financial and legal interests that are in peril.

**B.    The Court should, in the alternative, stay the proceedings *sua sponte* to protect the unnamed class members.**

Alternatively, the Court should temporarily stay the proceedings in this case *sua sponte* to protect the unnamed class members. A stay of proceedings is the only fair action to take in light of the national COVID-19 emergency. Class members should not be burdened with the obligation of deciphering and evaluating the merits of a complex proposed settlement, which involves, among other things, an array of potential alternative settlement relief, at a time when the class members will be burdened and distracted, or may be in the hospital or quarantined. Allowing the parties to push forward with the class notice and thereby impose on class members deadlines to opt out or object at this time would only serve to hinder the ability of class members to make informed and reasoned decisions. These proceedings should not go forward when class members will be unable to make proper, fully informed decisions. If the proceedings are stayed until after the national

emergency subsides, class notices can easily be sent out and class members can then make their decisions to opt out or object to the proposed settlement when they will have full access to and an opportunity for assistance from their trusted financial and legal advisors. A temporary delay in these proceedings to ensure unnamed class members are treated fairly will not prejudice anyone.

## II.   CONCLUSION

For the reasons discussed above, the Court should grant the Department's Motion for Temporary Stay of Proceedings in this case until the national emergency due to the COVID-19 virus subsides. Alternatively, the Court should stay the proceedings in this matter *sua sponte*.

Respectfully submitted,

/s/ Roscoe C. Howard, Jr.
Roscoe C. Howard, Jr.
(Virginia Bar No. 17447)
BARNES & THORNBURG LLP
1717 Pennsylvania Ave NW, Suite 500
Washington, D.C. 20006
Telephone: (202) 371-1313
Facsimile: (202) 289-1330
E-mail:  Roscoe.Howard@btlaw.com

*Attorney for the Indiana Department of Insurance*


## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Virginia using the CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by operation of the Court's CM/ECF system.

/s/ Roscoe C. Howard, Jr.