IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEROME SKOCHIN,
et al.,

    Plaintiffs,

v.                                           Civil Action No. 3:19cv49

GENWORTH FINANCIAL, INC.,
et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on the MOTION TO INTERVENE TO SEEK TEMPORARY STAY OF PROCEEDINGS (ECF No. 107) ("MOTION TO INTERVENE") and MOTION FOR TEMPORARY STAY OF PROCEEDINGS (ECF No. 108) ("MOTION TO STAY") filed by the Indiana Department of Insurance ("IDOI") (hereafter the "MOTION"). Because there is no objection to IDOI's intervention, the MOTION TO INTERVENE (ECF No. 107) will be granted.[1] But, for the reasons set forth below, the MOTION TO STAY (ECF No. 108) will be denied.[2]

---

[1] No further discussion of the MOTION TO INTERVENE is necessary.

[2] The Court has considered the MOTION TO STAY (ECF No. 108), as well as the BRIEF IN SUPPORT OF MOTION FOR TEMPORARY STAY OF PROCEEDINGS (ECF No. 110), PLAINTIFFS' OPPOSITION TO MOTION FOR TEMPORARY STAY OF PROCEEDINGS (ECF No. 113), the REPLY BRIEF IN SUPPORT OF MOTION FOR TEMPORARY STAY OF PROCEEDINGS (ECF No. 114), and the arguments of counsel conducted by telephone conference on May 5, 2020.

## BACKGROUND

The Plaintiffs are holders of long term care insurance policies issued by Genworth Life Insurance Company and Genworth Financial, Inc. (collectively "Genworth"). Plaintiffs initiated this class action, on behalf of themselves, and all other similarly situated, to secure redress for alleged false representations made by Genworth when offering various contractual options to its policyholders and alleged failures to disclose anticipated premium rate increases. The class consists of approximately 207,000 policyholders, 4,711 of which are residents of Indiana.

After considerable negotiation, and with the assistance of an independent mediator, the parties reached a class action settlement. The Court issued an order preliminarily approving the settlement. Order Granting Preliminary Approval, ECF No. 98 (the "Preliminary Approval Order"). The Preliminary Approval Order directed that a Notice be sent to the proposed settlement class summarizing the settlement terms and fixing procedures and a schedule that will allow policyholders to opt out of the class and to file objections to the settlement. Id. The Preliminary Approval Order also set a schedule for the filing of motions seeking final approval of the proposed settlement. Id. The Final Approval Hearing is currently set to take place on July 10, 2020. Id.

The Preliminary Approval Order was entered on January 15, 2020, and an Order Amending the Preliminary Approval Order (ECF No. 104) was entered on March 31, 2020. The Preliminary Approval Order required that the notice be sent to class members on April 14, 2020. Accordingly, on that date the Notice was sent to potential class members. The Notice fully explained the options class members have to communicate with class counsel about the settlement, their rights and options thereunder, and how to examine certain information on a website that was set up as part of the settlement process. Class members were also informed that they could contact independent counsel of their choice for advice.

As required by the Class Action Fairness Act, 28 U.S.C. § 1715, on December 30, 2019, notice of the proposed settlement and the terms thereof was sent to the appropriate state representatives in each of the 50 states, the District of Columbia and the U.S. Virgin Islands, as well as to the Attorney General of the United States. Defs.' Notice of Compliance, ECF No. 95. The notice afforded the various governmental entities a full and adequate explanation of the settlement terms and the procedures necessary for them to participate in this case.

On April 10, 2020, the IDOI filed the MOTION TO STAY, seeking to foreclose the Settlement Administrator from sending the Notice on April 14, 2020 as required by the Preliminary Approval Order

(ECF No. 98).[3] The IDOI also sought to halt indefinitely all proceedings in implementation of the settlement to which the Court has given preliminary approval, or as IDOI puts it "until the national emergency due to the COVID-19 virus subsides." BRIEF IN SUPPORT OF MOTION FOR TEMPORARY STAY OF PROCEEDINGS 7, ECF No. 110. In sum, the IDOI asserts that, because of the restrictions imposed to deal with COVID-19, Indiana's policyholders will not have a fair opportunity to fully review, understand and consider the proposed class settlement, nor will the policyholders have an adequate opportunity to seek and obtain financial and legal advice in determining whether to opt out of or object to the settlement.

During oral argument, counsel for the Plaintiffs represented that the appropriate notices were mailed to the appropriate regulatory agencies in all fifty states, the District of Columbia, and the U.S. Virgin Islands, as well as the Attorney General of the United States. On December 30, 2019, the Defendants' filed a Notice of Compliance (ECF No. 95) stating that notice of the proposed settlement was mailed to the Insurance Commissioner (or comparable insurance regulatory department head) of each of the fifty states, the District of Columbia, the U.S. Virgin Islands and the Attorney General of the United States. On April 6, 2020,

---

[3] The IDOI did not move for expedited briefing on the issue. The Plaintiffs filed a response on April 17, 2020 and the IDOI filed its reply on April 23, 2020. On May 5, 2020, the Court heard argument by telephone conference.

4

the Defendants filed a Notice of Compliance stating that the amendments to the proposed settlement were mailed to the above regulatory agencies on April 3, 2020. Defs.' Notice of Compliance, ECF No. 105. Only the IDOI has sought to intervene to seek a stay of proceedings respecting the proposed settlement.

## DISCUSSION

The authority to stay proceedings, though not expressly provided for in the Federal Rules of Civil Procedure, is a power that is inherent within the court's "general equity powers and in the efficient management of their docket." Williford v. Armstrong World Industries, Inc., 715 F.2d 124, 127 (4th Cir. 1983); Aventis Pharma Deutschland GMBH v. Lupin Ltd., 403 F.Supp.2d 484, 489 (E.D. Va.2005). It is settled that the party seeking a stay "must justify it by clear and convincing circumstances outweighing potential harm against whom it is operative." Williford, 715 F.2d at 127. That means that the party seeking a stay must make a "clear case that a hardship or inequity in being required to go forward." Landis v. N. Am. Co., 299 U.S. 248, 255 (1936).

To begin, IDOI contends that most of the nation is under stay-at-home orders; and, therefore, that Indiana insureds who have received notice of the settlement will not have an adequate opportunity to obtain the financial and legal advice needed to respond to the Notice. Second, the IDOI asserts that insureds are likely distracted by the COVID-19 emergency and may not pay

adequate attention to the Notices, or that the insureds may not even be opening their mail. Third, the IDOI contends that insureds will need to have access to their policies to assess the Notice and the settlement, but that the policies may be inaccessible at the moment if they are kept remotely in some place such as a bank or a safety deposit box. Finally, the IDOI states that some policyholders may be in the hospital and unable to respond to the Notice.

The IDOI's principal argument is that the insureds will not have access to financial or legal advice because of the COVID-19 emergency. However, as the Plaintiffs have shown, banks and law firms are considered essential business[4] in almost every situation where a stay-at-home order is in place and, therefore, they are open for business. At a minimum, banks and law firms can provide advice remotely by telephone and email and, if necessary, through conferences with Zoom or similar services. In the face of that information, and considering that financial institutions are in operation and that legal business is being done all over the country (including in this Court) while the current pandemic runs

---

[4] The Indiana definition of "essential business" is an operation that includes financial and insurance institutions, and professional services such as legal advice, accounting services, and insurance services. Thus, contrary to the assertions of IDOI, insureds will be able to have access to the kinds of services they need to make the decision whether to remain in the class or whether to object to it.

its course, the quite drastic approach to the situation taken by the IDOI simply cannot be considered to be realistic.

As to the IDOI's second argument, there is no evidence that insureds will ignore their mail. And, the Plaintiffs' counsel have represented that, as the Notice permits, thousands of insureds have visited the website set up as part of the settlement, contacted the Settlement Administrator, and sought advice from class counsel.[5] Moreover, this argument, like the third and fourth arguments, is entirely speculative. And considering that the other government entities that received the Notice have voiced no request for delay, the speculations advanced by the IDOI cannot be given credence.

This settlement stands to benefit some 200,000 policyholders in a significant way. It provides a mechanism for those who do not think that they will be benefitted to opt out. And, the settlement provides a mechanism for those who object to the terms of the settlement to file objections to it. All of that needs to be accomplished in an orderly and systematic way, which is provided

---

[5] During the conference call on May 5, 2020, class action counsel represented that, to date, the Settlement Administrator and/or class counsel has received approximately 13,000 telephone calls following instructions set out in the Notice and more than 4,000 people had visited the website set up in accord with the putative Settlement Agreement. They also represented that counsel had personally discussed with 2,250 policyholders the various options that are available to them and have provided legal advice on those points.

7

for in the Preliminary Approval Order (ECF No. 98) and the Order Amending Preliminary Approval Order (ECF No. 104) and is reflected in the Notice that the class members have received.  In order to upset that schedule, IDOI must carry a heavy burden to demonstrate that the putative harm to 4,711 Indiana policyholders outweighs the benefit to the class.  That burden has not been carried.

The IDOI's asserted grounds for a stay ignores the fact that, throughout the country, legal business is being accomplished, financial advice is being given, and professional services are being rendered, notwithstanding the provisions of stay-at-home orders.  There is, on this record, no reason to believe that Indiana insureds will be unable to have access to such services.  The IDOI's other three arguments are even more speculative and unrealistic.

On the other hand, the settlement provides substantial monetary and other benefits to the class members, and it is important that class members be able to partake in those benefits as promptly as possible, if they so desire.  The litigation here has been complex and drawn out, but an effective and important settlement has been reached.  As part of that process, Genworth was required to create individual letters for each class member that are tailored to that insured's specific policy terms, benefits and previous elections (as well as to certain state's specific idiosyncrasies of disclosure language).  The policies are renewed

each year on the anniversary date, which means that renewals occur on a regular basis throughout the year, and the sooner the individuals are able to receive the Notice and understand the benefits of the settlement, if it is approved, the better off they are. The MOTION TO STAY does not address the detriment to the insureds in the other 49 states, the District of Columbia, and the Virgin Islands if a stay is granted. That failing is fatal where, as here, so many insureds stand to gain so much from the settlement and those insureds who believe that not to be the case can object to its terms and be heard or can opt out.

On this record, the tangible benefits of going forward with the Notice and the proceedings as scheduled, substantially outweigh, as to all insureds, including those in Indiana, the speculative benefits of a stay. Therefore, the IDOI has not satisfied its burden to show otherwise.

## CONCLUSION

For the foregoing reasons, the MOTION TO INTERVENE (ECF No. 107) will be granted and the MOTION TO STAY (ECF No. 108) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 3, 2020