**EXHIBIT 2**

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

*Jerome Skochin, et al. v. Genworth Life Insurance Company, et al.*

United States District Court for the Eastern District of Virginia (Richmond Division), Case No. 3:19-cv-00049-REP

TO: POLICYHOLDERS OF GENWORTH LIFE INSURANCE COMPANY ("GLIC") AND GENWORTH LIFE INSURANCE COMPANY OF NEW YORK ("GLICNY") (collectively GLIC and GLICNY are referred to as "Genworth") LONG-TERM CARE INSURANCE POLICIES ON POLICY FORMS OR CERTIFICATES IDENTIFIED IN THE ATTACHED APPENDIX 1 (the "Class Policies") IN FORCE ON OR AFTER JANUARY 1, 2012, WHOSE POLICIES HAVE NOT LAPSED OR BEEN TERMINATED

YOU ARE HEREBY NOTIFIED that a proposed settlement of the above-entitled class action lawsuit pending in the United States District Court of the Eastern District of Virginia (the "Class Action") has been reached between the parties, and on January 15, 2020, the settlement was granted preliminary approval by the Court supervising the lawsuit.

THE PURPOSE OF THIS NOTICE is to describe the Class Action, to inform you of the proposed settlement terms, and to inform you of your potential rights and options in connection with the settlement.

The settlement will resolve all claims in the above-entitled Class Action. A court hearing concerning the fairness of the settlement (the "Final Approval Hearing") will be held on July 10, 2020 at 10:00 a.m. at the following address: The Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, Richmond Courtroom 7400 to determine whether the settlement should be given final approval by the Court. You are **not** required to attend the hearing in order to participate in the settlement. BECAUSE YOUR RIGHTS MAY BE AFFECTED, IT IS EXTREMELY IMPORTANT THAT YOU READ THIS ENTIRE NOTICE CAREFULLY.

If you have any questions, you may contact Epiq (the "Settlement Administrator") toll-free at 1 (833) 991-1532, or you may call Class Counsel at (800) 449-4900. You should not contact the Court, Genworth, or Genworth's counsel with questions about this Notice or the settlement, although you may contact Genworth, as usual, about your policy, benefits, or any election letter received.

### A. DESCRIPTION OF THE CLASS ACTION

On January 18, 2019, three individuals with GLIC Choice 1 long term care insurance policies, Jerome Skochin, Susan Skochin, and Larry Huber ("Named Plaintiffs"), filed a Class Action Complaint ("Complaint") against GLIC (and another, now dismissed Genworth entity) in the United States District Court for the Eastern District of Virginia, alleging that GLIC intentionally withheld material information from policyholders with respect to the full scope and magnitude of GLIC's rate increase action plans and its reliance on policyholders paying increased rates to pay future claims. That Complaint was amended on April 29, 2019, September 20, 2019, and November 22, 2019. The Third Amended Complaint is against GLIC and GLICNY and alleges fraudulent inducement by omission and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law on behalf of policyholders in all fifty states.

Genworth denies any wrongdoing or legal liability for any alleged wrongdoing in connection with any facts or claims that have been or could have been alleged in Named Plaintiffs' lawsuit (including all complaints) and contends that neither Named Plaintiffs nor the putative class have been injured or are entitled to any relief.

The Court has not ruled on the merits of the claims or defenses.

All Parties believe in the merits of their respective claims and defenses. Nevertheless, due to the uncertainties, risks, expenses, and business disruption of continued litigation, the Parties have agreed to settle the lawsuit after voluntary mediation proceedings involving a mediator. The parties have entered into a Joint Stipulation of Class Action Settlement and Release and an Amendment to the Joint Stipulation of Class Action Settlement and Release (together, the "Settlement Agreement"), which the Court has found will likely be approved as fair and reasonable. The principal terms of the Settlement Agreement are summarized in this Notice. The full Settlement Agreement is on file with the Court and available at www.LongTermCareInsuranceSettlement.com. The attorneys for plaintiffs Jerome Skochin, Susan Skochin, and Larry Huber have been designated by the Court as "Class Counsel" to represent all Settlement Class members affected by the Settlement Agreement. Class Counsel believes that the Settlement Agreement summarized by this Notice is fair, reasonable, and adequate and in the best interests of the Settlement Class members.



The following law firms are Class Counsel and represent the Settlement Class members:

| Goldman Scarlato & Penny, P.C.<br><br>Brian D. Penny<br>8 Tower Bridge, Suite 1025<br>161 Washington Street<br>Conshohocken, PA 19428<br>Telephone: (484) 342-0700<br>Fax: (484) 580-8747 | Robbins Geller Rudman & Dowd LLP<br><br>Stuart A. Davidson<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432<br>Telephone: (800) 449-4900<br>Fax: (561) 750-3364 | Berger Montague P.C.<br><br>Glen L. Abramson<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Telephone:(215) 875-3000<br>Fax: (215) 875-4604 |
|---|---|---|
| Phelan Petty, PLC<br><br>Jonathan M. Petty<br>6641 West Broad Street, Suite 406<br>Richmond, VA 23230<br>Telephone: (804) 980-7100<br>Fax: (804) 767-4601 |||

The Settlement Administrator is Epiq. Epiq's phone number is 1 (833) 991-1532; and its mailing address is *Skochin v. Genworth* Settlement Administrator, P.O. Box 4230, Portland, OR 97208-4230.

## B. SETTLEMENT CLASS MEMBERS

The "Settlement Class" members for purposes of this settlement are defined as all Policyholders[1] of Class Policies[2], excluding: (1) those Policyholders of Class Policies whose policies went into Non-Forfeiture Status[3] prior to January 1, 2014; (2) those Policyholders of Class Policies that entered a Fully Paid-Up Status[4] at any time up to the date the Class Notice is mailed; (3) any Policyholder whose Class Policy is lapsed[5] and is outside any period Genworth allows for the Class Policy to be automatically reinstated with payment of past-due premium, or whose Class Policy has otherwise terminated[6], as of the date of the Class Notice; or any Policyholder whose Class Policy is lapsed and is outside any period Genworth allows for the Class Policy to be automatically reinstated with payment of past-due premium or has otherwise terminated, as of the date the Special Election Letter would otherwise be mailed to the Policyholder; (4) Genworth's current officers, directors, and employees as of the date Class Notice is mailed; and (5) Judge Robert E. Payne and his immediate family and staff.

Changes to your policy status or coverage (including, for example, whether your policy lapses or is terminated) may also impact whether or not you are in the proposed Settlement Class. If your policy lapses after the date of this Notice, it must be reinstated within the period that Genworth allows your Class Policy to be automatically reinstated with payment of past due premium if you wish to exercise rights and options in the settlement.

---

[1] "Policyholder(s)" means the policy owner, except where a single policy insures both a policy owner and another insured person, "Policyholder(s)" means both the policy owner and the other insured person jointly.

[2] Class Policies are identified in the attached Appendix 1.

[3] "Non-Forfeiture Status" means the exercise of a "Non-Forfeiture Option." Non-Forfeiture Options include benefits under an optional Non-Forfeiture Benefit Rider, the Limited Benefits Upon Lapse Due to a Substantial Premium Increase (also called a Contingent Non-forfeiture Benefit), and the Optional Limited Benefit Endorsement.

[4] "Fully Paid Up Status" means a status whereby a policy is continued in full force and effect and no more premiums are due. A policy in Fully Paid-Up Status does not include a policy that is in a Non-Forfeiture Status.

[5] "Lapse" or "lapsed" means a status whereby a policy is no longer in force because premium was not paid as required. A lapsed policy terminates and cannot be reinstated if it is outside any period Genworth allows for the policy to be automatically reinstated with payment of past-due premium. For purposes of this Agreement, a policy that goes on Non-Forfeiture Status is not a lapsed policy.

[6] "Terminated" means a status whereby a policy is no longer in force and is unable to be automatically reinstated by the policyholder with payment of past-due premium. It includes, for example, a policy that has lapsed beyond the period permitted for automatic reinstatement, a policy that has been cancelled, or a policy (including a policy in Non-Forfeiture status) that is no longer in force because all available benefits have been exhausted.

## C. YOUR OPTIONS

As a potential Settlement Class member, you have several options and you should read this entire Notice carefully before acting.

**OPTION #1: If you do not oppose the settlement of the lawsuit, then simply do nothing.** You do not need to return an opt-out letter and do not need to send any documents to the Settlement Administrator. IF YOU DO NOTHING AND YOU MEET THE CLASS DEFINITION, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE. If you do nothing, you will not have the right to pursue your own action for the claims covered by the Class Action Release. If the Settlement Agreement is finally approved by the Court, you will then be sent another correspondence with options to elect to receive benefits in the Settlement Agreement.

**OPTION #2: If you do NOT want to be bound by the Settlement Agreement and wish to retain the right to proceed against GLIC and/or GLICNY on your own** as to the claims that were alleged, or that have a reasonable connection with any matter of fact set forth in the Class Action, subject to any defenses that may be available to GLIC and/or GLICNY to any claims you may have, including, but not limited to, statutes of limitation and statutes of repose, then **you must notify the Settlement Administrator that you wish to exclude yourself** from the Settlement Agreement and the Settlement Class.

To do so, you must send a signed letter to the Settlement Administrator, which includes: (1) your name, (2) your address, (3) if available, your policy number, (4) a statement that you are "requesting exclusion" from the Settlement Agreement, (5) the name of the case and case number (*Skochin, et al. v. Genworth Life Insurance Company, et al.*, Case No. 3:19-cv-00049-REP), and (6) your signature.

Opt-out letters can be mailed to the Settlement Administrator at the following mailing address: *Skochin v. Genworth* Settlement Administrator, P.O. Box 4230, Portland, OR 97208-4230.

**The letter requesting exclusion must be postmarked no later than June 13, 2020. Any request for exclusion received with a postmark after that date will be invalid.**

IF YOU CHOOSE TO EXCLUDE YOURSELF, YOU WILL **NOT** RECEIVE THE SETTLEMENT AGREEMENT POLICY ELECTION OPTIONS OR OTHER RELIEF AND THE TERMS OF THE SETTLEMENT WILL NOT APPLY TO YOU.

**OPTION #3: If you want to remain in the Settlement Agreement and be bound by its terms, but you oppose any aspect of the Settlement Agreement, you may object to the Settlement Agreement.**

In order to object, you must file a written Objection with the Clerk of United States District Court for the Eastern District of Virginia, located at 701 East Broad Street, Richmond, VA 23219, and you must serve a copy of the written Objection on the Settlement Administrator at the following address: Skochin v. Genworth Settlement Administrator, P.O. Box 4230, Portland, OR 97208-4230.

A written Objection must include: (1) your full name, (2) your current address, (3) if available, your long term care insurance policy number, (4) the name of the case and the case number (*Skochin et al. v. Genworth Life Insurance Company et al.*, Case No. 3:19-cv-00049-REP), (5) the basis or reason(s) for your objection(s), (6) your signature, and (7) if you (or someone on your behalf such as an attorney) intends to appear at the Final Approval Hearing, a statement stating that you (or someone on your behalf) intend to appear at the Final Approval Hearing.

**Any written Objection must be filed with the Court and sent to the Settlement Administrator with a postmark no later than June 13, 2020. Any written Objection filed and/or mailed with a postmark after this deadline will be invalid.**

You may be permitted to appear personally (or through an attorney) at the Final Approval Hearing to present your objections directly to the Court if you timely file and serve a written Objection and do not submit a request for exclusion from the Settlement Agreement. A written Objection must state whether you (or someone on your behalf, such as an attorney) intend to appear at the Final Approval Hearing. If you wish to have an attorney represent you in connection with any written Objection, including to appear at the Final Approval Hearing, you will be responsible for any fees or expenses of that attorney. If you submit a written Objection, you will remain a Settlement Class member and, if the Court rejects your objection(s), you will still be bound by the terms of the Settlement Agreement, including the Release.



AA1343 v.06

## D. SUMMARY OF PROPOSED SETTLEMENT TERMS

This Settlement Agreement is conditioned upon the Court entering an order granting final approval of the Settlement Agreement as fair, reasonable, and adequate and in the best interests of the Class. Subject to the Settlement Agreement becoming final, the terms of the Settlement Agreement are as follows:

1. **Special Election Disclosures and Options:** In consideration for a Release as described in Paragraph D.2, and as a direct result of the Class Action and the Settlement Agreement, Genworth will send a special election letter ("Special Election Letter") to all Settlement Class members after the Settlement has been finally approved. The Special Election Letter will contain, subject to approval by the Court and being approved by and/or not objected to by state insurance regulators:

   (a) Disclosure of certain information about GLIC's and/or GLICNY's future rate increase plans and need for future rate increases (the "Disclosures"); and

   (b) Settlement Class members' right to make an election of either (1) maintaining current benefits at existing filed rates (subject to the future approved rate increases), or (2) electing from a selection of reduced paid-up benefit options or reduced benefit options (the "Special Election Options"), subject to the availability of those options depending on each Settlement Class members' current policy terms and benefits and any state limitations concerning Partnership Plan requirements. Special Election Options that may be available could increase the amount of your current non-forfeiture paid-up benefit or entitle you to cash damages pay-outs. The actual Special Election Options available to you will depend upon many factors including, but not limited to, your current policy status and benefits, final court approval, and state regulatory review and comment.

2. **Release:** Each member of the Settlement Class who does not timely and validly opt out of the Settlement Class, will fully and irrevocably waive and release GLIC and GLICNY (collectively "Genworth") and each of those entities' respective affiliates, predecessors, successors, parents, subsidiaries, and, for each of the foregoing, their current, former, and future directors, officers, direct and indirect owners, members, managers, attorneys, representatives, employees, and agents (the "Genworth Released Parties") of and from any and all known or unknown, contingent or absolute, matured or unmatured, suspected or unsuspected, disclosed or undisclosed, foreseeable or unforeseeable, liquidated or unliquidated, existing or arising in the future, and accrued or unaccrued claims, demands, interest, penalties, fines, and causes of action, that the Named Plaintiffs and Settlement Class members may have from the beginning of time through and including the final settlement date that relate to claims alleged, or that have a reasonable connection with any matter of fact set forth in the Class Action including, but not limited to, any claims relating to rate increases on Class Policies. This release specifically includes any legal or equitable claim arising from or related to any election or policy change made or not made by any Settlement Class member to his or her policy benefits prior to the final settlement date. Named Plaintiffs and Settlement Class members will further release the Genworth Released Parties and Class Counsel from any future claims, on any legal or equitable basis, relating to or arising out of the Special Election Options and/or statements and representations provided in connection with the Special Election Options including (but not limited to) any claim specifically relating to any decision, or non-decision, to maintain, modify, or give up coverage.

   This Release will not prevent a Settlement Class member from making a claim for benefits under the policyholder's long-term care insurance policy consistent with his or her policy coverage.

   This Class Notice only contains a summary of the actual benefits and release language contained in the Settlement Agreement, which is on file with the Court and available for your review, including on the settlement website described below. If the Settlement Agreement is not approved by the Court or does not become final for any reason, the Class Action will continue, this Release will not be binding, and the Special Election Options will not be available.

3. **Attorneys' Fees and Litigation Expenses:** As part of the request for final approval of the Settlement Agreement, Class Counsel will file a request seeking to be paid the following:

   (a) $2,000,000.00 relating to the injunctive relief that is in the form of the Disclosures; and

   (b) An additional contingent payment of 15% of certain amounts related to Special Election Options selected by the Settlement Class, which shall be no less than $10,000,000.00 and no greater than $24,500,000.00. None of the attorneys' fees will be deducted from payments made by Genworth to Settlement Class members.

   Class Counsel will also file a request for an award of litigation expenses in this case. These expenses will be no more than $75,000.00.

These are the only attorneys' fees and litigation expenses that Class Counsel will be paid as a result of the settlement. Class members will not be required to separately pay Class Counsel for any other attorneys' fees or expenses. Genworth has agreed to pay all fees and expenses separately. The actual amounts of attorneys' fees and litigation expenses to be paid to Class Counsel will be determined by the Court, and these amounts will be paid by Genworth directly to Class Counsel.

This Class Notice only contains a summary of the actual attorneys' fees and litigation expenses provisions contained in the Settlement Agreement, which is on file with the Court and available for your review, including on the settlement website described below.

4. **Class Representative Service Payment:** Named Plaintiffs Jerome Skochin, Susan Skochin, and Larry Huber have been appointed as class representatives by the Court. As part of the request for Final Approval of the Settlement Agreement, Class Counsel will request that service payments be awarded to each class representative in an amount of up to $25,000 for each of them for the time, work, and risk they undertook in bringing this Class Action and achieving a settlement on behalf of all Settlement Class members. None of the service payments approved by the Court will be deducted from payments made by Genworth to Settlement Class members.

## E. FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT

The Final Approval Hearing on the fairness and adequacy of the Settlement Agreement will be held on July 10, 2020, at 10:00 a.m. in Courtroom 7400 in The Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219. You are not required to attend the Final Approval Hearing in order to participate in the Settlement Agreement, although you are free to do so if you choose. The Court, in its discretion, may continue the Final Approval Hearing to a later date, in which case no additional written notice will be sent to Settlement Class members, so it is incumbent upon you to check the settlement website regarding the Final Approval Hearing date and time if you wish to attend.

## F. ADDITIONAL IMPORTANT INFORMATION

The Special Election Options described in this notice that may be part of this settlement still require final approval by the Court and are subject to review by state insurance regulators.

You should also consider the following additional information, which may impact the availability of Special Election Options under this settlement:

1. **If you currently have a long-term care policy with Genworth, you must continue to pay premiums (unless they have been waived) to keep your policy in force so that it is eligible for Special Election Options under this settlement.** Your premiums also remain subject to any rate increases that may be approved or otherwise permitted.

2. **Changes to your policy status or coverage (including lapse or termination) may impact whether or not you are in the proposed Settlement Class and/or whether Special Election Options will be available to you.**

    - If your policy lapses after the date of this Notice but is still in the period during which your policy can be automatically reinstated by paying any past-due premium, you will need to reinstate your policy by paying the past-due premium to exercise any rights and options under the settlement.

    - If, before you are sent a Special Election Letter, your policy lapses and is outside any period Genworth allows for the policy to be automatically reinstated with payment of past-due premium, or terminates for any other reason, then you will be excluded from the Settlement Class and the Special Election Options will not be available to you.

    - If, after you have been sent a Special Election Letter, your policy lapses and is outside any period Genworth allows for the policy to be automatically reinstated with payment of past-due premium, or terminates for any other reason, then you will remain in the Settlement Class and release your claims, but you will no longer be eligible for the Special Election Options.

3. **If you reduce your coverage, including in response to a rate increase on your policy, your reduction in coverage may affect the Special Election Options that otherwise may become available to you under this settlement.** As a policyholder, you have options to reduce your coverage that are separate from the Special Election Options that may become available to you under this settlement. For example, if there is a premium rate increase on your policy, you will have options for reducing your coverage. Those options will be different from any Special Election Options that may become available under this settlement and do not include the

AA1345 v.08



possibility of a cash damages payout. If you select an option to reduce your coverage separate from the Special Election Options that may be available under this settlement, you may eliminate or reduce the availability of any future Special Election Options or the value of any corresponding cash damages payments that may be available. Whether one of these options or any Special Election Option will best meet your needs will depend on your specific circumstances.

This Notice is only a summary of the Settlement Agreement. For the precise terms and conditions of the settlement, the complete Settlement Agreement, pleadings and documents on file in this case, and other information about this settlement including important dates, PLEASE VISIT THE SETTLEMENT WEBSITE AT www.LongTermCareInsuranceSettlement.com OR CALL THE SETTLEMENT ADMINISTRATOR AT 1 (833) 991-1532.

## APPENDIX 1 TO CLASS NOTICE
## CLASS POLICIES

| COMPANY CODE | STATE | FORM |
|---|---|---|
| 31 | AK | 7035AP |
| 31 | AL | 7035 |
| 31 | AL (Group Certificate) | 7035CRT |
| 31 | AR | 7035M |
| 31 | AZ | 7035V |
| 31 | CA | 7035AX; |
| 31 | CA | 7035AJ;7035AX |
| 31 | CA Partnership | 7037A;7037C |
| 31 | CO | 7035H |
| 31 | CO | 7025S |
| 31 | CO | 7025B |
| 31 | CT | 7035AF |
| 31 | CT Partnership | 7037 |
| 31 | DC | 7035 |
| 31 | DE | 7035A |
| 31 | FL | 7035AC |
| 31 | GA | 7035D |
| 31 | HI | 7035AM |
| 31 | IA | 7035R |
| 31 | ID | 7035W |
| 31 | IL | 7035C |
| 31 | IN | 7035S |
| 31 | IN Partnership | 7037B |
| 31 | KS | 7035AQ |
| 31 | KY | 7035B |
| 31 | LA | 7035U |
| 31 | MA | 7035AG |
| 31 | MD | 7035AT |
| 31 | ME | 7035Y |
| 31 | MI | 7035 |
| 31 | MN | 7035AL |
| 31 | MO | 7035AD |
| 31 | MS | 7035N |
| 31 | MT | 7035AK (2000 TQ) |
| 31 | NC | 7035AR |
| 31 | ND | 7035AU |
| 31 | NE | 7035G |
| 31 | NH | 7035Z |
| 31 | NJ | 7035CRT |
| 31 | NM | 7035AE |

AA1347 v.06

7

| | | |
|---:|---|---|
| 31 | NV | 7035P |
| 40 | NY | 51010 |
| 40 | NY Partnership | 51011 |
| 31 | OH | 7035 |
| 31 | OK | 7035L |
| 31 | OR | 7035AV |
| 31 | PA | 7035AN |
| 31 | RI | 7035 |
| 31 | SC | 7035K |
| 31 | SD | 7035AB |
| 31 | TN | 7035E |
| 31 | TX | 7035AW |
| 31 | TX | 7035F |
| 31 | UT | 7035AS |
| 31 | VA | 7035J |
| 31 | VT | 7035AA |
| 31 | WA | 7035T |
| 31 | WI | 7035Q |
| 31 | WV | 7035 |
| 31 | WY | 7035AH |

AA1348 v.08

8