**Paul B. Junius**
**2603 W Lake Isle Drive**
**Mequon, WI 53092**

June 11, 2020



(Revised, please discard prior correspondence)

Clerk of US Dist. Court for the Eastern Division of Virginia
701 East Broad Street
Richmond, VA 23219

RE:   Skochin et al. v. Genworth Life Insurance Company et al.
      Case No.: 3:19-cv-00049-REP
      GLIC Policy No.:    UDG4473791

Dear Clerk:


I am objecting to the proposed settlement on the basis that it is not in the best interests of the Genworth policyholders. My wife and I have been policyholders since 2003. During that time, we have experienced multiple rate increases. Given the ongoing public disclosures regarding the financial condition of Genworth we were not surprised by the need described in the notices, the size of the increases, nor the options presented to maintain the benefit features or restructure the policy terms to make it more affordable. As described, this litigation purports to claim "that Genworth Life Insurance Company ("GLIC") intentionally withheld material information from policyholders with respect to the full scope and magnitude of GLIC's rate increase action plans and its reliance on the policyholders paying increased rates to pay future claims". For the following reasons I disagree with the underlying premise.

Firstly, within the policy on page 20 there is notice pursuant to a provision entitled **Renewability-This Policy is Guaranteed Renewable for Life; We have a Limited Right to Change Premiums.**, Exhibit A. This provision expressly informs the policyholder that GLIC may increase premiums subject to certain limitations with respect to timeframes regarding notice to the policyholders. In fact, there is reference to special consideration if the increase is to exceed twenty-five percent. There is no indication in the Complaint that GLIC failed to abide by said provision.

Secondly, insurers including GLIC, are very dependent on rates of return on reserves/surplus to fund claim expenses. For the last 10 or so years interest rates have been much lower than would have been projected at the time premiums on many of the policies were being set by the GLIC actuaries. Without the expected returns, revenue increases are needed to ensure claims can be paid, present and future. Policy sales or existing premiums are the other primary source of funds available to GLIC. Since GLIC no longer is selling policies, premiums and premium increases are the primary source of revenues available to offset the cost of claims.

Paul B. Junius

Thirdly, the proposed settlement offers little benefit to the policyholders allegedly impacted by the lack of disclosure. Instead it serves to enrich the attorneys representing the class in such generous terms that has the potential to further impair GLIC's ability to pay claims and potentially survive while providing policyholders with additional disclosures that do little to enhance the value of the contract. With respect to attorney fees, I would propose that the Class attorneys be paid the proposed $2,000,000 related to the injunctive relief and allowable expenses and no contingency payments related to the Special Election Options ("Options"). Not only is it not beneficial to the class being represented, there is no defined cost associated with said Options and any determination of the value of the negotiated disclosures are speculative.

Having paid into this policy for seventeen years and anticipating paying for many more, I am concerned that the proposed settlement makes it more likely that at some future date the funds will not be available to GLIC to pay a claim. As indicated above, the proposed level of contingency payment assuming a conservative average of $250,000 per claim has a real impact on GLIC's ability to pay claims on behalf of no less than forty and up to ninety-eight policyholders. I am opposing this proposed settlement because I want to protect myself and others from its real impact.

Thank you for your consideration of the above. I will not be attending, nor be represented at the Final Approval Hearing.

Sincerely,

*[signature]*

Paul B. Junius


Encl: Exhibit A


Cc: Settlement Administrator