UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | |
|---|---|
| JEROME SKOCHIN, SUSAN SKOCHIN and LARRY HUBER, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>GENWORTH LIFE INSURANCE COMPANY, and GENWORTH LIFE INSURANCE COMPANY OF NEW YORK,<br><br>      Defendants. | Civil Action No. 3:19-cv-00049-REP<br><br><u>CLASS ACTION</u> |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES TO CLASS <u>COUNSEL, AND SERVICE AWARDS TO NAMED PLAINTIFFS</u>**

This matter having come before the Court on July 10, 2020, on the motion of Class Counsel for an award of attorneys' fees, expenses, and service awards (the "Fee Motion") (ECF No. 142), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable, and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Joint Stipulation of Class Action Settlement and Release dated December 20, 2019 ("Stipulation") (ECF No. 93-1), and the Parties' Amendment to the Stipulation, dated March 25, 2020, and filed with the Court on March 26, 2020 (ECF No. 102-2), and all capitalized terms used herein, but not defined, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Settlement Class who have not timely and validly requested exclusion.

3. Notice of Class Counsel's Fee Motion was given to all Settlement Class members who could be located with reasonable effort.  The form and method of notifying the Settlement Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Class Counsel attorneys' fees in the amount of $2,000,000.00 relating to the injunctive relief achieved for the Settlement Class, and an additional contingent payment of 15% of certain amounts related to Special Election Options selected by the Settlement Class, in an amount no less than $10,000,000.00 and no greater than $24,500,000.00,

as well as payment of litigation expenses of $64,398.66, all to be paid in accordance with the terms of the Stipulation. The Court finds that the amount of fees and expenses awarded is fair and reasonable.

5.  The awarded attorneys' fees and expenses shall be paid to Class Counsel subject to the terms, conditions, and obligations of the Stipulation and, in particular, ¶¶52-53 thereof, which terms, conditions, and obligations are incorporated herein.

6.  In making this award of fees and expenses to Class Counsel, the Court has considered and found that:

(a)  through the efforts of Class Counsel, the Settlement has created substantial non-monetary and monetary benefits for the Settlement Class, and Settlement Class members will greatly benefit from the Settlement negotiated by Class Counsel;

(b)  more than 207,000 copies of the Notice were disseminated to potential Settlement Class members indicating that Class Counsel would move for attorneys' fees in an amount of $2,000,000.00 relating to the injunctive relief achieved for the Settlement Class, and an additional contingent payment of 15% of certain amounts related to Special Election Options selected by the Settlement Class, in an amount no less than $10,000,000.00 and no greater than $24,500,000.00, and for expenses in an amount not to exceed $75,000.00;

(c)  Class Counsel have pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)  Class Counsel have expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

(e)  Class Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

      (f)    the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

      (g)    had Class Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendants;

      (h)    Class Counsel have devoted approximately 5,500 hours, with a lodestar value of approximately $2.82 million to achieve the Settlement, and will likely continue to devote their time and resources to the Settlement Class as necessary as the Settlement Class receives their Special Election Letters;

      (i)    public policy concerns favor the award of reasonable attorneys' fees and expenses in class action litigation;

      (j)    the requested attorneys' fees and litigation expenses have been reviewed and approved by Named Plaintiffs, who were involved with and oversaw the Action; and

      (k)    the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Eastern District of Virginia and the Fourth Circuit.

7.    Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.    Pursuant to established case law that "[service] awards [to class representatives] are commonplace in class actions in this District and elsewhere," *Ryals v. Strategic Screening Sols., Inc.*, No. 3:14-CV-00643-REP, 2016 WL 7042947, at *2 (E.D. Va. Sept. 15, 2016), the Court awards $25,000.00 to each Named Plaintiff for the time they spent directly related to their representation of the Settlement Class.

- 4 -

9. The awarded service awards shall be paid to Named Plaintiffs subject to the terms, conditions, and obligations of the Stipulation and, in particular, ¶54 thereof, which terms, conditions, and obligations are incorporated herein.

10. The Court has considered the objections to the fee award filed by Settlement Class members Lana Olsson, Jon Richards, Thomas Luck, Larry and Sharon Johnson, Ronald and Pamela Simpson, Saul and Harriet Jacobs, David Frame, Mark Ostrick, Donna Wright, George and Jeanne Brehmer, Rian and Michael Keller, and John and Mary Sweeney, and finds them to be substantively without merit. The objections are overruled in their entirety.

**IT IS SO ORDERED.**

DATED:

ROBERT E. PAYNE
SENIOR UNITED STATES DISTRICT JUDGE