UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | |
|---|---|
| JEROME SKOCHIN, SUSAN SKOCHIN and LARRY HUBER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GENWORTH LIFE INSURANCE COMPANY, and GENWORTH LIFE INSURANCE COMPANY OF NEW YORK,<br><br>Defendants. | Civil Action No. 3:19-cv-00049-REP<br><br><u>CLASS ACTION</u> |

**[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE**

This matter is before the Court on Plaintiffs' motion for final approval of the proposed class action settlement and entry of final judgment (ECF No. 135). Plaintiffs, individually and on behalf of the proposed Settlement Class, and Genworth have entered into a Joint Stipulation of Class Action Settlement and Release ("Stipulation") (ECF No. 93-1), as amended on March 25, 2020 (ECF No. 102-2), that settles the above-captioned litigation. Having considered the motion, the Stipulation together with all appendices thereto, the record, and the briefs, declarations, and oral argument in this matter, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Stipulation.

2. The Court has jurisdiction over this litigation, Named Plaintiffs, Genworth, and Settlement Class members, and any party to any agreement that is part of or related to the Stipulation.

## FINAL STIPULATION APPROVAL

3. Rule 23(e)(2) of the Federal Rules of Civil Procedure requires the Court to determine whether the Stipulation is "fair, reasonable, and adequate." *See also In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 839 (E.D. Va. 2016) (granting final approval). Under the amended rule the Court should consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

    4.    Amended Rule 23(e)(2)(B) (arm's-length negotiation) and amended Rule 23(e)(2)(C)(i) (adequacy of the settlement) are similar to the two-level analysis previously adopted by the Fourth Circuit, which "includes an assessment of both the procedural fairness of the settlement negotiations and the substantive adequacy of the agreement itself." *In re Neustar, Inc. Sec. Litig.*, No. 1:14cv885 (JCC/TRJ), 2015 WL 8484438, at *2 (E.D. Va. Dec. 8, 2015) (citing *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158-60 (4th Cir. 1991)). Like Rule 23(e)(2)(B), this procedural fairness analysis ensures "that the settlement was reached as a result of good-faith bargaining at arm's length, without collusion." *Jiffy Lube*, 927 F.2d at 158-59. And, like Rule 23(e)(2)(C)(i), the adequacy analysis "'weigh[s] the likelihood of the plaintiff's recovery on the merits against the amount offered in settlement.'" *Neustar*, 2015 WL 8484438, at *2.[1]

    5.    The Fourth Circuit has also approved district courts considering the following additional factors: (1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the experience of counsel; (4) the relative strength of the plaintiffs' case on the merits; (5) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (6) the anticipated duration and expense of additional litigation; (7) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (8) the degree of opposition to the settlement. *Jiffy Lube*, 927 F.2d at 159.

---

[1]     Citations omitted and emphasis added throughout unless otherwise noted.

6. The Court finds that the Stipulation is fair, adequate, and reasonable in light of these factors. First, the Settlement reflects the strength of Named Plaintiffs' case as well as Genworth's positions. This Court has been exposed to the litigants and their legal and factual positions, and finds that the judicial policy favoring the compromise and settlement of class action suits is applicable here. *S.C. Nat. Bank v. Stone*, 749 F. Supp. 1419, 1430 (D.S.C. 1990) ("Federal courts have long recognized a strong public policy supporting settlement of class actions."); *see also Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 186 (4th Cir. 1993) ("Settlement . . . promises to maximize the resources available to the plaintiff class and minimize the drain on both defendants and the courts.").

7. The Parties engaged in several arm's-length, in-person, day-long mediation sessions on September 28, 2019 and October 17, 2019, in New York City, under the direction of mediator Rodney A. Max of Upchurch, Watson, White & Max Mediation Group, Inc. The Parties also engaged in additional mediation communications in-person and by telephone and e-mail, both directly and through the mediator.

8. The Court further finds the Stipulation was reached after arm's-length negotiations by experienced and very capable counsel, aided by an experienced mediator, and that it was not the product of fraud, overreaching, or collusion among the Parties.

9. Second, the risks, expense, complexity, and likely duration of further litigation also support approval of the Settlement. Class Counsel were prepared to file their motion to certify a class pursuant to Fed. R. Civ. P. 23, which Genworth was prepared to oppose. Even if the Court granted Named Plaintiffs' motion for class certification of one or more of Named Plaintiffs' claims, Named Plaintiffs still would have faced Genworth's motion for summary judgment, trial,

and appeals. The trial of any case, let alone a large and complex class action like this, which deals with complicated issues of insurance, accounting and disclosure, is inherently risky.

10. Third, the extent of discovery completed also supports approval. Under an aggressive schedule, the Parties conducted substantial fact discovery. Among other things, Class Counsel reviewed over 205,000 pages of documents from Genworth in two months, and took the depositions of two key Genworth fact witnesses, Joe Scarpa, Genworth's Vice President for LTC Insurance Product Management and Genworth's corporate representative under Fed. R. Civ. P. 30(b)(6), and Beth Ludden, Genworth's Senior Vice President of LTC Product Development. For its part, Genworth took the deposition of all three Named Plaintiffs. All Parties also responded to numerous document requests and interrogatories. Moreover, Class Counsel took the deposition of Genworth's expert Ted Nickel, the Past President of the National Association of Insurance Commissioners (NAIC) and the Wisconsin Commissioner of Insurance from 2011-2019. Accordingly, the Parties have ample information with which to weigh the relative merits of settlement and continued litigation.

11. Fourth, the consideration provided to Settlement Class members, including the ability to make Special Elections for their long-term care ("LTC") policies based on additional Disclosures of Genworth's financial condition and its plan for future rate increases, as well as opportunity to obtain substantial cash payments and/or enhancements of coverage based on those Special Elections, is substantial, and the Parties have structured the benefits to maximize and quickly deliver these benefits to the Settlement Class.

12. Fifth, the opinions of Class Counsel, who are experienced in litigating and settling complex consumer class actions, weigh in favor of final approval. *See Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 568 (E.D. Va. 2016) ("Plaintiffs' Counsel has an extensive record of

representing plaintiffs in consumer-protection class actions, which indicates counsel's ability to properly leverage the value of this case into a fair settlement."). Class Counsel endorse the Settlement as fair, adequate, and reasonable.

13.  Finally, the reaction of the Settlement Class members supports final approval of the Settlement. Of the 207,410 Settlement Class members, there were only 32 objections to the Settlement filed by 43 Class members. Several of those objections have since been withdrawn. Only 191 Settlement Class members excluded themselves from the Settlement, *i.e.*, less than one-tenth of one percent (<.001%) of the Settlement Class objected or opted-out. The small number of objections and opt outs favors final approval. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975); *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 257 (E.D. Va. 2009) ("[A]n absence of objections and a small number of opt-outs weighs significantly in favor of the settlement's adequacy.").

14.  The Court has carefully and independently evaluated each of the objections submitted by every objector. *See Flinn*, 528 F.2d at 1174 (affirming final approval of class settlement and noting that objectors "were given ample opportunity to present testimony and to be heard on the settlement"). None of the objections reveals that the Settlement is not fair, reasonable, or adequate, and none presents serious reasons to disapprove the Settlement. As Named Plaintiffs argue, the Settlement came about only after intense and strenuous negotiations and was not consummated until the end of fact discovery. None of the objections suggests serious reasons why the proposal might be unfair given the risk, delay, and expense of continued proceedings. Each of the objections is therefore OVERRULED. Separately and alternatively, the Court finds that the objections of Dwight and Sandra Smith, Edward Petruzello and James Heckmann were not

submitted in compliance with the Court's prior Order [ECF No. 98], and strikes the objections on that ground.

15. The Court, therefore, finds that the Stipulation is in the best interests of Settlement Class members, is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, and GRANTS final approval of the Stipulation and all of the terms and conditions contained therein.

## APPROPRIATE NOTICE

16. Rule 23(c)(2)(B) requires that Settlement Class members be provided "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. . . . The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B).

17. The Court finds that the plan to disseminate the Class Notice and Publication Notice the Court previously approved has been implemented and satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The Class Notice, which the Court approved, clearly defined the Settlement Class and explained the rights and obligations of the Settlement Class members. The Class Notice explained how to obtain benefits under the Settlement, and how to contact Class Counsel and the Settlement Administrator. The Court appointed Epiq Class Action & Claims Solutions, Inc. ("Epiq") to fulfill the Settlement Administrator duties and disseminate the Class Notice and Publication Notice. The Class Notice and Publication Notice permitted Settlement

Class members to access information and documents about the case to inform their decision about whether to opt out of or object to the Settlement.

18. The Court finds and concludes that the notices provided by Genworth to the appropriate state and federal officials fully satisfied the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. No state or federal officials objected to the Settlement.

## FINAL CERTIFICATION OF SETTLEMENT CLASS

19. The Court preliminarily found class certification appropriate under Fed. R. Civ. P. 23. For the reasons set forth below, the Court finds final certification of the Settlement Class appropriate as well. Accordingly, pursuant to Fed. R. Civ. P. 23, the Court finally certifies, for settlement purposes only, the Settlement Class defined as follows:

> all Policyholders[2] of Class Policies,[3] excluding: (1) those Policyholders of Class Policies whose policies went into Non-Forfeiture Status prior to January 1, 2014; (2) those Policyholders of Class Policies that entered a Fully Paid-Up Status at any time up to the date the Class Notice was mailed; (3) any Policyholder whose Class Policy is lapsed and is outside any period Genworth allows for the Class Policy to be automatically reinstated with payment of past-due premium, or whose Class Policy has otherwise terminated, as of the date of the Class Notice; or any Policyholder whose Class Policy is lapsed and is outside any period Genworth allows for the Class Policy to be automatically reinstated with payment of past-due premium or has otherwise terminated, as of the date the Special Election Letter would otherwise be mailed to the Policyholder; (4) Genworth's current officers, directors, and employees as of the date Class Notice was mailed; and (5) Judge Robert E. Payne and his immediate family and staff.

---

[2] "Policyholder(s)" means the policy owner, and where a single policy insures both a policy owner and his or her spouse, "Policyholders" means both the policy owner and his or her spouse.

[3] "Class Policies" means Genworth long-term care insurance policies on the policy forms identified in Appendix A to the Stipulation in force at any time during the Class Period and issued in any of the fifty (50) states of the United States or the District of Columbia.

Also excluded from the Settlement Class is any individual who timely and validly opted-outed of the Settlement Class, the list of which is attached hereto and incorporated herein by reference as **Exhibit A**.

20. As a general matter, following a rigorous Rule 23 analysis, the Court may certify a national or multi-state settlement class. *In re Serzone Prod. Liab. Litig.*, 231 F.R.D. 221, 240 (S.D.W. Va. 2005).

21. The Court has conducted such a rigorous Rule 23 analysis and finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Class is comprised of over 200,000 members; there are questions of law or fact common to the Settlement Class, such as whether Genworth failed to disclose material information in connection with its rate-increase notification letters; the Named Plaintiffs' claims are typical of those of Settlement Class members, as they were each deprived of the same allegedly material disclosures about Genworth's plan for substantial future rate increases and reliance on obtaining those increases to remain solvent; and, as the record more than reflects, the Named Plaintiffs and their counsel have fairly and adequately protected the interests of the Settlement Class, and shall continue to do so.

22. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3): the questions of law or fact common to the Settlement Class predominate over individual questions, and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy. Whether Genworth failed to disclose the alleged material information to Named Plaintiffs and the Settlement Class during the Class Period is a question shared by all Settlement Class members and every state-law claim in this litigation, the answer to which rests on common evidence. Further, whether Genworth's alleged failure to

disclose material information resulted in a fraudulent inducement of Named Plaintiffs and the Settlement Class is a question shared by the Settlement Class.

## NO ADMISSION OF LIABILITY

23. This Final Judgment and Order and the Stipulation shall not be offered or received against any Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Party with respect to the truth of any fact alleged by any Party or the validity of any claim or defense that has been or could have been asserted in the Action or in any litigation, the deficiency of any claim or defense that has been or could have been asserted in the Action or any litigation, or the suitability of this case for class certification on a contested motion.

24. Neither this Final Judgment and Order, nor the Stipulation, shall be used for any purpose, including as evidence by any of the Parties in any judicial, administrative, arbitration, or other proceeding, except as may be necessary to enforce the terms of the Stipulation or this Final Judgement and Order.

## DISMISSAL, RELEASES, AND COVENANT NOT-TO-SUE

25. Upon the Final Settlement Date, this Action is dismissed with prejudice, with each Party to bear its own costs and attorneys' fees except as provided by the terms of the Stipulation and the Order Awarding Attorneys' Fees, Expenses, and Service Awards.

26. All Settlement Class members shall be bound by the terms of the Stipulation upon entry of this Final Judgment and Order.

27. Upon the Final Settlement Date, and by Order of this Court, every Settlement Class member who did not timely and validly opt-out and exclude himself or herself from the Settlement

Class as reflected in **Exhibit A** releases and discharges the Genworth Released Parties[4] of and from any and all known or unknown, contingent or absolute, matured or unmatured, suspected or unsuspected, disclosed or undisclosed, foreseeable or unforeseeable, liquidated or unliquidated, existing or arising in the future, and accrued or unaccrued claims, demands, interest, penalties, fines, and causes of action, that the Named Plaintiffs and Settlement Class members may have from the beginning of time through and including the Final Settlement Date that relate to claims alleged, or that have a reasonable connection with any matter of fact set forth in the Action including, but not limited to, any claims relating to rate increases on Class Policies. This release specifically includes any legal or equitable claim arising from or related to any election or policy change made or not made by any Settlement Class member to his or her policy benefits prior to the Final Settlement Date. Named Plaintiffs and Settlement Class members will further release the Genworth Released Parties and Class Counsel from any future claims, on any legal or equitable basis, relating to or arising out of the Special Election Options and/or statements and representations provided in connection with the Special Election Options including (but not limited to) any claim specifically relating to any decision, or non-decision, to maintain, modify, or give up coverage. Collectively, the claims described in this Paragraph shall be referred to as the "Released Claims."

      28.     Upon the Final Settlement Date, and by Order of this Court, each Settlement Class member and Named Plaintiff expressly waives and releases any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which reads:

---

[4] "Genworth Released Parties" means Defendants and each of Defendants' respective affiliates, predecessors, successors, parents, subsidiaries, and for each of the foregoing, their current, former, and future directors, officers, direct and indirect owners, members, managers, attorneys, representatives, employees and agents.

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Each Named Plaintiff and each Settlement Class member similarly waives any and all rights and benefits conferred by any law of any state or territory of the United States or any other jurisdiction or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Code. Each Named Plaintiff and each Settlement Class member may hereafter discover facts other than or different from those which he or she knows or believes to be true with respect to the Released Claims, but each Named Plaintiff and each Settlement Class member shall expressly waive and fully, finally, and forever settle and release, upon the Final Settlement Date, any known or unknown, suspected or unsuspected contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

29. Upon the Final Settlement Date, and by Order of this Court, Genworth releases and discharges Named Plaintiffs, the Settlement Class, and Class Counsel from any and all claims that arise out of or relate to the institution, prosecution, or settlement of the claims against Genworth in the Action, except for claims relating to the breach or enforcement of the Settlement Agreement.

30. By Order of this Court, Settlement Class members and Named Plaintiffs shall not sue, directly or indirectly, any of the Genworth Released Parties or Class Counsel with respect to any of the Released Claims. Settlement Class members and Named Plaintiffs are forever barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, joining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other

proceeding in any jurisdiction, or before any tribunal or administrative body (including any State Regulator, state Department of Insurance or other regulatory entity) whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any of the Released Claims.  If any Settlement Class member or Named Plaintiff breaches this covenant not to sue, the Genworth Released Parties or Class Counsel, as the case may be, shall be entitled to all damages resulting from that breach including, but not limited to, attorneys' fees and costs in defending such an action or enforcing the covenant not to sue.

## TERMINATION

31. In the event that the Stipulation is terminated pursuant to the terms of the Stipulation, (a) the Stipulation and this order shall become void, shall have no further force or effect, and shall not be used in the Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Stipulation that survive termination; (b) this matter will revert to the status that existed before execution of the Stipulation; and (c) no term or draft of the Stipulation or any part of the Parties' settlement discussions, negotiations, or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in the Action or other proceeding other than as may be necessary to enforce the terms of the Stipulation that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class against Genworth, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

## JURISDICTION

32. Without affecting the finality of the Court's judgment, the Court retains jurisdiction over the implementation, administration, effectuation, and enforcement of the Stipulation and its

terms. The Court also has the jurisdiction and authority to enforce the provisions of this Final Judgment and Order. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

## ENTRY OF FINAL JUDGMENT

33. The Court finds there is no just reason for delay and DIRECTS the Clerk to enter judgment pursuant to Federal Rule of Civil Procedure 54 immediately.

**IT IS SO ORDERED.**

Dated: _____, 2020

                                           _____
                                           ROBERT E. PAYNE
                                           SENIOR UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## INDIVIDUALS WHO HAVE VALIDLY AND TIMELY REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS

| EPIQ ID | CITY | STATE |
|---|---|---|
| 1 | 895 ZEBULON | NC |
| 2 | 1379 SANTA MARIA | CA |
| 3 | 2844 SPARKS | NV |
| 4 | 3142 BERKELEY | CA |
| 5 | 3345 MOSELEY | VA |
| 6 | 4908 WENDELL | NC |
| 7 | 6222 ARROYO GRANDE | CA |
| 8 | 7658 OAKLAND | CA |
| 9 | 7756 SAINT PETERS | MO |
| 10 | 7877 CHESTERFIELD | MO |
| 11 | 7937 GARDNERVILLE | NV |
| 12 | 8118 OVERLAND PARK | KS |
| 13 | 9289 DALLAS | TX |
| 14 | 15591 DUBUQUE | IA |
| 15 | 16070 HAGERSTOWN | IN |
| 16 | 17625 UPPER DARBY | PA |
| 17 | 17704 MEQUON | WI |
| 18 | 17769 HOCKESSIN | DE |
| 19 | 17798 ANNAPOLIS | MD |
| 20 | 19479 FRANKFORT | KY |
| 21 | 20294 JURUPA VALLEY | CA |
| 22 | 20407 WAKE FOREST | NC |
| 23 | 21833 LITTLETON | CO |
| 24 | 22635 MARION | MA |
| 25 | 23057 MARION | MA |
| 26 | 23254 CHERRY HILL | NJ |
| 27 | 26069 OWENSBORO | KY |
| 28 | 26801 JACKSON | TN |
| 29 | 27134 PORT LAVACA | TX |
| 30 | 30208 LITITZ | PA |
| 31 | 30221 LAKEWOOD | CA |
| 32 | 30522 MOSELEY | VA |
| 33 | 30681 WASHINGTON | PA |
| 34 | 32366 ZEBULON | NC |
| 35 | 32593 DADEVILLE | AL |
| 36 | 33041 KRUM | TX |
| 37 | 33195 SAN RAFAEL | CA |
| 38 | 35755 EAGLE | ID |

| | | | |
|---|---|---|---|
| 39 | 36919 | MILTON | DE |
| 40 | 37050 | CLEARWATR BCH | FL |
| 41 | 37122 | WHITING | NJ |
| 42 | 37838 | MOUNT JULIET | TN |
| 43 | 39425 | WOODSTOWN | NJ |
| 44 | 40445 | SHERMAN OAKS | CA |
| 45 | 42887 | WOODLAND PARK | NJ |
| 46 | 44036 | SPARTANBURG | SC |
| 47 | 44633 | EAU CLAIRE | WI |
| 48 | 44785 | RALEIGH | NC |
| 49 | 44888 | HILLSBOROUGH | NJ |
| 50 | 47058 | HOUSTON | TX |
| 51 | 47882 | WALNUT CREEK | CA |
| 52 | 48138 | ZEBULON | NC |
| 53 | 50514 | BERKELEY | CA |
| 54 | 51577 | CONROE | TX |
| 55 | 51805 | CHARLOTTESVLE | VA |
| 56 | 51808 | INDIANHEAD PK | IL |
| 57 | 53546 | SAN RAFAEL | CA |
| 58 | 54278 | VALLEY STREAM | NY |
| 59 | 55797 | BONITA SPGS | FL |
| 60 | 57611 | CARY | NC |
| 61 | 59541 | PHILADELPHIA | MS |
| 62 | 59670 | SHERMAN OAKS | CA |
| 63 | 61300 | VICTORIA | TX |
| 64 | 62465 | UNIVERSITY CY | MO |
| 65 | 64793 | SEQUIM | WA |
| 66 | 64918 | GLENDALE | OR |
| 67 | 65378 | ELLICOTT CITY | MD |
| 68 | 68672 | SEQUIM | WA |
| 69 | 71354 | FAIRHOPE | AL |
| 70 | 71769 | UPPER SANDSKY | OH |
| 71 | 74765 | GARDNERVILLE | NV |
| 72 | 75053 | CHESTERFIELD | MO |
| 73 | 75087 | LOS ANGELES | CA |
| 74 | 75710 | PIKESVILLE | MD |
| 75 | 77538 | DE PERE | WI |
| 76 | 81729 | LELAND | NC |
| 77 | 81730 | LELAND | NC |
| 78 | 82015 | NEWBURY PARK | CA |
| 79 | 84836 | CANTON | MI |
| 80 | 87916 | LAKE WACCAMAW | NC |
| 81 | 89090 | CONROE | TX |
| 82 | 89682 | JACKSON | TN |
| 83 | 90359 | JURUPA VALLEY | CA |
| 84 | 92199 | LITITZ | PA |
| 85 | 93037 | BLACK MTN | NC |
| 86 | 94393 | ALBANY | NY |
| 87 | 95522 | CENTRAL POINT | OR |
| 88 | 95662 | CHESTERTON | IN |

| | | |
|---|---|---|
| 89 | 95722 CHESTERTON | IN |
| 90 | 96434 PLYMOUTH | IN |
| 91 | 97910 CARY | NC |
| 92 | 98056 BRENTWOOD | CA |
| 93 | 98712 STATESVILLE | NC |
| 94 | 98968 BILLINGS | MT |
| 95 | 99147 WAKE FOREST | NC |
| 96 | 99224 WAKE FOREST | NC |
| 97 | 100646 CARMEL | IN |
| 98 | 103264 PITTSBORO | NC |
| 99 | 103415 LOGANVILLE | GA |
| 100 | 103873 THE VILLAGES | FL |
| 101 | 104187 CONROE | TX |
| 102 | 105160 MORSE BLUFF | NE |
| 103 | 105299 DE PERE | WI |
| 104 | 105602 GILBERT | AZ |
| 105 | 105603 GILBERT | AZ |
| 106 | 107914 NEPTUNE | NJ |
| 107 | 108223 DAVIS | CA |
| 108 | 108406 CHARLESTON | WV |
| 109 | 109130 WENDELL | NC |
| 110 | 109743 DELRAY BEACH | FL |
| 111 | 110334 ELWOOD | IN |
| 112 | 111275 LAKEWOOD | CO |
| 113 | 112613 CLEARWATR BCH | FL |
| 114 | 115301 SPENCER | IA |
| 115 | 116924 SAN RAMON | CA |
| 116 | 119883 SAN MARINO | CA |
| 117 | 120396 FALLS CHURCH | VA |
| 118 | 121374 PALOS HEIGHTS | IL |
| 119 | 121657 WELDON SPRING | MO |
| 120 | 121769 CANTON | MI |
| 121 | 123305 NEW YORK | NY |
| 122 | 124587 WELLINGTON | KS |
| 123 | 125477 GLENSHAW | PA |
| 124 | 128254 SARASOTA | FL |
| 125 | 130475 LAKEWOOD | CO |
| 126 | 130534 MARLBORO | NJ |
| 127 | 130647 GREENVILLE | SC |
| 128 | 130649 MARLBORO | NJ |
| 129 | 131392 HILLSBOROUGH | NJ |
| 130 | 132363 DERIDDER | LA |
| 131 | 133727 LAKEWOOD | CA |
| 132 | 136617 BIG BEAR CITY | CA |
| 133 | 137521 HARLEYSVILLE | PA |
| 134 | 138611 DAVIS | CA |
| 135 | 139687 CHARLESTON | IL |
| 136 | 139917 ZEBULON | NC |
| 137 | 140381 UNIVERSITY CY | MO |
| 138 | 141031 GLENSHAW | PA |
| 139 | 142695 SAINT PETERS | MO |

| | | |
|---|---|---|
| 140 | 144745 MORSE BLUFF | NE |
| 141 | 146035 HOCKESSIN | DE |
| 142 | 146864 BLACK MTN | NC |
| 143 | 149218 LOUISVILLE | KY |
| 144 | 149251 MOUNDSVILLE | WV |
| 145 | 149636 TYNGSBORO | MA |
| 146 | 152718 ANNAPOLIS | MD |
| 147 | 153855 MERCED | CA |
| 148 | 154293 BLOOMINGTON | IL |
| 149 | 154690 PALOS HEIGHTS | IL |
| 150 | 154815 NEW YORK | NY |
| 151 | 159170 OMAHA | NE |
| 152 | 160234 SOMERVILLE | TN |
| 153 | 160744 BILLINGS | MT |
| 154 | 162402 DES MOINES | IA |
| 155 | 162676 WENDELL | NC |
| 156 | 164888 LAKE WACCAMAW | NC |
| 157 | 167311 BIG BEAR CITY | CA |
| 158 | 168402 KINGWOOD | TX |
| 159 | 170584 ETOWAH | NC |
| 160 | 170712 ETOWAH | NC |
| 161 | 170736 PHILADELPHIA | MS |
| 162 | 172808 WARRINGTON | PA |
| 163 | 172898 WARRINGTON | PA |
| 164 | 173184 SAN RAMON | CA |
| 165 | 174178 FAIRFIELD | CT |
| 166 | 177389 DERIDDER | LA |
| 167 | 178478 KINGWOOD | TX |
| 168 | 179172 FRANKFORT | KY |
| 169 | 179303 FALLS CHURCH | VA |
| 170 | 180232 SOMERVILLE | TN |
| 171 | 184656 FRESNO | CA |
| 172 | 185261 GERMANTOWN | TN |
| 173 | 185325 GERMANTOWN | TN |
| 174 | 186205 UPPER SANDSKY | OH |
| 175 | 187085 LITTLE ROCK | AR |
| 176 | 188107 COLORADO SPGS | CO |
| 177 | 188466 CONROE | TX |
| 178 | 188772 FORT WORTH | TX |
| 179 | 189500 MERRY HILL | NC |
| 180 | 190751 CABLE | OH |
| 181 | 190950 HARLEYSVILLE | PA |
| 182 | 192350 ELLICOTT CITY | MD |
| 183 | 193547 BLOOMINGTON | IL |
| 184 | 195169 MERRY HILL | NC |
| 185 | 196141 THE VILLAGES | FL |
| 186 | 196961 WAKE FOREST | NC |
| 187 | 198585 WALNUT CREEK | CA |
| 188 | 198633 ST CHARLES | IL |
| 189 | 198909 MACON | GA |

- 5 -

| | | | |
|---|---|---|---|
| 190 | 200258 | NEW YORK | NY |
| 191 | 206678 | REGO PARK | NY |