IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEROME SKOCHIN,
et al.,

    Plaintiffs,

v.                                          Civil Action No. 3:19cv49

GENWORTH FINANCIAL, INC.,
et al.,

    Defendants.

**ORDER**

Having reviewed the PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (ECF No. 135), the memo in support thereof (ECF No. 136), the various objections thereto (ECF Nos. 116, 119-123, 127, 128, 132, 133, 148, 149, 153, 154, 156, 158, 159, 161, 162, 164, 166, and 169-172), and the PLAINTIFFS' REPLY IN SUPPORT OF (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (2) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO THE NAMED PLAINTIFFS (ECF No. 177), and having considered the arguments of counsel and several objectors individually or by counsel, it is hereby ORDERED that:

(1) the hearing on the PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (ECF No. 135) is continued to 10:00 AM on August 7, 2020;

(2) By August 1, 2020, counsel for the Plaintiffs and the Defendants shall file a Statement of Position (jointly or separately, as they shall elect) in which they address the following:

    a. whether the statement of counsel provided respecting the value of the Settlement Agreement and each of the Special Election Options provided for in the Settlement Agreement is sufficient to support an opinion from the Court respecting the value of the settlement, and, if not, what evidence must be submitted to support such an opinion;

    b. whether the class has been adequately informed of the value of the Settlement Agreement and each Special Election Option therein;

    c. whether it is necessary to provide the class with an assessment of the value of the benefits gained weighed against the value forfeited pursuant to each Special Election Option;

    d. the extent to which, if at all, the disclosures to be provided as a result of the settlement will differ from disclosures previously provided by the Defendant;

e.  the time, realistically stated, that the Defendant will require to prepare and send the Special Election Letters called for by the settlement;

f.  a precise timeline for submitting the Special Election Letters and disclosures required by the Settlement Agreement to state regulators;

g.  the estimated time, realistically stated, to secure action from the state regulators approving, rejecting, or requesting modification of the Special Election Options and the disclosures in each state;

h.  why the Court could not issue an order addressing the objections and advising that the Settlement Agreement is approved upon the conditions that: (1) the Settlement Agreement, the disclosures, and the Special Election Options be presented to state regulators by a date certain; (2) by a date certain, the state regulators shall have signified their approval of, or disagreement with, the disclosures and Special Election Options; and (3) the Court concludes by a date certain that any changes required by state regulators do not adversely affect the fairness, reasonableness or adequacy of the Settlement Agreement; and

   i. an explanation of how the Settlement Agreement and the options chosen by the class members will not affect the Defendants' ability to pay future claims.

It is so ORDERED.

/s/ *RSP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 21, 2020

4