IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEROME SKOCHIN,
et al.,

    Plaintiffs,

v.                                  Civil Action No. 3:19-cv-49

GENWORTH FINANCIAL, INC.,
et al.,

    Defendants.

**ORDER**

This matter is before the Court on Plaintiffs' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT ("Motion for Final Approval") (ECF No. 135). Plaintiffs, individually and on behalf of the proposed Settlement Class, and Genworth have entered into a JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE ("Settlement Agreement") (ECF No. 93-1), as amended on March 25, 2020 (ECF No. 102-2), that settles the above-captioned litigation. Having considered the motion, the Settlement Agreement together with all appendices thereto, the record, and the briefs, declarations, and oral argument in this matter, it is hereby ORDERED that:

(1) Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement;

(2) The Court has jurisdiction over this litigation, Named Plaintiffs, Genworth, and Settlement Class members, and any party

to any agreement that is part of or related to the Settlement Agreement;

### FINAL SETTLEMENT AGREEMENT APPROVAL

(3) For the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that Plaintiffs' Motion for Final Approval (ECF No. 135) is GRANTED;

### APPROPRIATE NOTICE

(4) For the reasons set forth in the Court's Memorandum Opinion addressing objections to the Settlement Agreement, see ECF No. 215 at 28-43, the plan to disseminate the Class Notice and Publication Notice, which the Court previously approved, has been implemented and satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process;

(5) The Notices provided by Genworth to the appropriate state and federal officials fully satisfied the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715;

### FINAL CERTIFICATION OF SETTLEMENT CLASS

(6) For the reasons set forth in the Court's Memorandum Opinion addressing objections to the Settlement Agreement, see ECF No. 215 at 53-65, the Court finally certifies, pursuant to Fed. R. Civ. P. 23, for settlement purposes only, the Settlement Class defined as follows:

2

all Policyholders[1] of Class Policies,[2] excluding:
(1) those Policyholders of Class Policies whose policies went into Non-Forfeiture Status prior to January 1, 2014;
(2) those Policyholders of Class Policies that entered a Fully Paid-Up Status at any time up to the date the Class Notice was mailed; (3) any Policyholder whose Class Policy is lapsed and is outside any period Genworth allows for the Class Policy to be automatically reinstated with payment of past-due premium, or whose Class Policy has otherwise terminated, as of the date of the Class Notice; or any Policyholder whose Class Policy is lapsed and is outside any period Genworth allows for the Class Policy to be automatically reinstated with payment of past-due premium or has otherwise terminated, as of the date the Special Election Letter would otherwise be mailed to the Policyholder; (4) Genworth's current officers, directors, and employees as of the date Class Notice was mailed; and (5) Judge Robert E. Payne and his immediate family and staff.

Also excluded from the Settlement Class is any individual who timely and validly opted-outed of the Settlement Class, the list of which is attached hereto and incorporated herein by reference as **Exhibit A**;

(7) The Final Judgment, this Order, and the Settlement Agreement shall not be offered or received against any Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Party with respect

---

[1] "Policyholder(s)" means the policy owner, and where a single policy insures both a policy owner and his or her spouse, "Policyholders" means both the policy owner and his or her spouse.

[2] "Class Policies" means Genworth long-term care insurance policies on the policy forms identified in Appendix A to the Settlement Agreement in force at any time during the Class Period and issued in any of the fifty (50) states of the United States or the District of Columbia.

to the truth of any fact alleged by any Party or the validity of any claim or defense that has been or could have been asserted in the Action or in any litigation, the deficiency of any claim or defense that has been or could have been asserted in the Action or any litigation, or the suitability of this case for class certification on a contested motion;

(8) Neither this Final Judgment and Order, nor the Settlement Agreement, shall be used for any purpose, including as evidence by any of the Parties in any judicial, administrative, arbitration, or other proceeding, except as may be necessary to enforce the terms of the Settlement Agreement or this Final Judgement and Order;

(9) Upon the Final Settlement Date, this Action is dismissed with prejudice, with each Party to bear its own costs and attorneys' fees except as provided by the terms of the Settlement Agreement and the Order Awarding Attorneys' Fees, Expenses, and Service Awards (ECF No. 218);

(10) All Settlement Class members shall be bound by the terms of the Settlement Agreement upon entry of this Final Judgment and Order;

(11) Upon the Final Settlement Date, and by Order of this Court, every Settlement Class member who did not timely and validly opt-out and exclude himself or herself from the Settlement as reflected in **Exhibit A** releases and discharges the

4

Genworth Released Parties[3] of and from any and all known or unknown, contingent or absolute, matured or unmatured, suspected or unsuspected, disclosed or undisclosed, foreseeable or unforeseeable, liquidated or unliquidated, existing or arising in the future, and accrued or unaccrued claims, demands, interest, penalties, fines, and causes of action, that the Named Plaintiffs and Settlement Class members may have from the beginning of time through and including the Final Settlement Date that relate to claims alleged, or that have a reasonable connection with any matter of fact set forth in the Action including, but not limited to, any claims relating to rate increases on Class Policies. This release specifically includes any legal or equitable claim arising from or related to any election or policy change made or not made by any Settlement Class member to his or her policy benefits prior to the Final Settlement Date. Named Plaintiffs and Settlement Class members will further release the Genworth Released Parties and Class Counsel from any future claims, on any legal or equitable basis, relating to or arising out of the Special Election Options and/or statements and representations provided in connection with the Special Election Options including (but not limited to) any claim specifically relating to

---

[3] "Genworth Released Parties" means Defendants and each of Defendants' respective affiliates, predecessors, successors, parents, subsidiaries, and for each of the foregoing, their current, former, and future directors, officers, direct and indirect owners, members, managers, attorneys, representatives, employees and agents.

5

any decision, or non-decision, to maintain, modify, or give up coverage;[4]

(12) Upon the Final Settlement Date, and by Order of this Court, each Settlement Class member and Named Plaintiff expressly waives and releases any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Each Named Plaintiff and each Settlement Class member similarly waives any and all rights and benefits conferred by any law of any state or territory of the United States or any other jurisdiction or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Code. Each Named Plaintiff and each Settlement Class member may hereafter discover facts other than or different from those which he or she knows or believes to be true with respect to the Released Claims, but each Named Plaintiff and each Settlement Class member shall expressly waive and fully, finally, and forever settle and release, upon the Final Settlement Date, any

---

[4] Collectively, the claims described in this Paragraph shall be referred to as the "Released Claims."

known or unknown, suspected or unsuspected contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts;

(13) Upon the Final Settlement Date, and by Order of this Court, Genworth releases and discharges Named Plaintiffs, the Settlement Class, and Class Counsel from any and all claims that arise out of or relate to the institution, prosecution, or settlement of the claims against Genworth in the Action, except for claims relating to the breach or enforcement of the Settlement Agreement;

(14) By Order of this Court, Settlement Class members and Named Plaintiffs shall not sue, directly or indirectly, any of the Genworth Released Parties or Class Counsel with respect to any of the Released Claims. Settlement Class members and Named Plaintiffs are forever barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, joining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, or before any tribunal or administrative body (including any State Regulator, state Department of Insurance or other regulatory entity) whether in the United States or elsewhere, on their own behalf or in a representative capacity,

7

that is based upon or arises out of any of the Released Claims. If any Settlement Class member or Named Plaintiff breaches this covenant not to sue, the Genworth Released Parties or Class Counsel, as the case may be, shall be entitled to all damages resulting from that breach including, but not limited to, attorneys' fees and costs in defending such an action or enforcing the covenant not to sue.

(15) In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this order shall become void, shall have no further force or effect, and shall not be used in the Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations, or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in the Action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the

propriety of certifying any class against Genworth, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

(16) Without affecting the finality of the Court's judgment, the Court retains jurisdiction over the implementation, administration, effectuation, and enforcement of the Settlement Agreement and its terms;

(17) The Court also has the jurisdiction and authority to enforce the provisions of this Final Judgment and Order. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994);

(17) The Court finds there is no just reason for delay and DIRECTS the Clerk to enter judgment pursuant to Federal Rule of Civil Procedure 54 immediately;

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 12, 2020

9